**William Earl DEGRATE,
Plaintiff–Appellant,**

v.

**Laymon GODWIN, Sheriff,
et al., Defendants,**

**Harold Harris, Sgt., Defendant–Appellee.**

No. 95–30983
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 6, 1996.

William Earl Degrate, Monroe, LA, pro se.

John F. Weeks, II, Lloyd Frederick Schroeder, II, T. Allen Usry, Usry & Weeks, Metairie, LA, for defendant-appellee.

Before JOLLY, JONES and STEWART, Circuit Judges.

PER CURIAM:

William Earl Degrate appeals the district court's summary judgment dismissal of his 42 U.S.C. § 1983 prisoner civil rights suit. Finding no deprivation of Degrate's constitutional rights, we affirm.

The primary issue raised by Degrate on appeal is whether his constitutional rights were violated when he was allegedly denied access to a prison law library. Degrate contends that, without adequate access to the law library, he was unable to represent himself effectively in his criminal case and was thereby denied meaningful access to the courts. Initially, Degrate was represented by appointed counsel in his criminal prosecution. Because he became dissatisfied with his appointed counsel, Degrate obtained permission of the court to proceed *pro se.* Degrate claims that, while he was a pretrial detainee, the Ouachita Parish Sheriff's Office hindered his access to the law library. Degrate further alleges that, on the occasions when he was permitted access to the law library, it was often being used by other inmates as a recreational area.

The United States Supreme Court has clearly warned that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate

law libraries *or* adequate assistance from persons trained in the law." *Bounds v. Smith,* 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977) (emphasis added). Guided by *Bounds,* many federal circuit courts have held that a prisoner who knowingly and voluntarily waives appointed representation by counsel in a criminal proceeding is not entitled to access to a law library. *United States v. Smith,* 907 F.2d 42, 45 (6th Cir.) (state does not have to provide access to a law library to defendants who wish to represent themselves), *cert. denied,* 498 U.S. 986, 111 S.Ct. 521, 112 L.Ed.2d 533 (1990); *United States ex rel George v. Lane,* 718 F.2d 226, 233 (7th Cir.1983) (state was not required to offer a defendant law library access once it offered the defendant assistance of counsel, which the defendant declined); *United States v. Wilson,* 690 F.2d 1267, 1271 (9th Cir.1982) (a prisoner's Sixth Amendment right to self-representation does not include a right to conduct research at the government's expense), *cert. denied,* 464 U.S. 867, 104 S.Ct. 205, 78 L.Ed.2d 178 (1983); *Kelsey v. State of Minn.,* 622 F.2d 956, 958 (8th Cir.1980) (holding that prisoner's constitutional right of access to courts did not obligate officials to provide him with an adequate law library where alternative means of satisfying access to courts were available); *United States v. Chatman,* 584 F.2d 1358, 1360 (4th Cir.1978) (obligation to provide access to the courts was satisfied by offering the defendant the assistance of counsel). We agree with the rationale adopted by the foregoing circuits and therefore hold that, having rejected the assistance of court-appointed counsel, Degrate had no constitutional right to access a law library in preparing the *pro se* defense of his criminal trial. Finding no violation of Degrate's federally guaranteed rights on the record before us, we affirm the district court's dismissal of his 42 U.S.C. § 1983 action.

Degrate raises two additional issues on appeal: whether the district court (1) erred by dismissing certain claims against the defendants without fair notice to Degrate; and (2) abused its discretion by denying Degrate's motion to recuse the magistrate judge. On the record before us, we find no error or abuse of discretion on the part of the district court.

Accordingly, the district court's judgment is

AFFIRMED.