**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 01-30146
Summary Calendar

MARCUS B GORDON, SR

Plaintiff-Appellant,

VERSUS

POLICE JURY OF JEFFERSON DAVIS
PARISH; RICHARD EDWARDS, Individually
and in his official capacity;
WALLACE SIEMEN, Individually and
in his official capacity; MARK PETRY

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
(No. 99-CV-669)

October 26, 2001

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Marcus B. Gordon, Sr., appeals the district court's partial dismissal of his complaint and its entry of judgment on the remainder of his claims. We find no error and now affirm. We

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

view this case as straightforward, making the appointment of counsel unnecessary.  *See Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

Gordon alleges a series of constitutional violations (about 29 in all) stemming from his pretrial detention at the Jefferson Davis Parish jail.  The district court reviewed his complaint pursuant to 28 U.S.C. § 1915A and dismissed certain claims as frivolous under subsection (b)(1) of that provision.  The court entered judgment against Gordon on the remainder of his claims pursuant to FED. R. CIV. P. 56(c).  We review claims dismissed pursuant to § 1915A for an abuse of discretion.  *See Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).  Claims disposed of on summary judgment are of course reviewed de novo.  *See Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

Gordon brings this suit pursuant to 42 U.S.C. § 1983, arguing that the conditions of his confinement violated the Constitution.  Gordon must show that he suffered a physical injury to sustain such a claim.  Unless a physical injury is shown, and so long as he is no longer a detainee at the parish jail, we cannot consider any of the other supposed wrongs committed against Gordon.  *See* 42 U.S.C. § 1997e(e)("No federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury."); *Herman v. Holiday*, 238 F.3d 660,

-2-

665 (5th Cir. 2001)(holding petition for injunctive relief against continued exposure to unsafe or life-threatening conditions moot where prisoner no longer incarcerated at offending institution).

We conclude that the district court's entry of judgment against Gordon was proper, there not being a genuine issue of material fact that the conditions of his confinement were responsible for any physical injury. The only physical injury Gordon complains of is back pain, which he suggests resulted from restrictions on his ability to exercise. But more than Gordon's own suspicion about the cause of his back pain is required to avoid judgment. To impute his ailment to the conditions of his confinement, there must be at least some competent evidence that would allow such a deduction. We see none. In fact, there is evidence that Gordon himself was uncertain about the cause of his pain or that lack of exercise caused him to suffer any specific injury at all. We conclude that this evidence, Gordon's unsigned April 28, 2000 deposition, is competent, Gordon having failed to direct us to any inaccuracies. *See Vukadinovich v. Zentz*, 995 F.2d 750, 754 (7th Cir. 1993).

The district court correctly dismissed or granted judgment on Gordon's other claims. Each fails because there is no allegation of physical injury or of Gordon's continued detention at the parish jail. For example, Gordon's claims that he was

denied medical treatment, including dental care, and that jail personnel withheld his medicine, are unaccompanied by any accusation of resulting physical injury. Gordon's other claims, such as that he was not permitted to receive a newspaper, are now moot, Gordon having been transferred to another place of incarceration. Finally, that he did not have access to a law library does not merit relief because at the time he was represented by counsel. *See Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir. 1996).

AFFIRMED. Motion for appointment of counsel DENIED.