United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41707
Summary Calendar

_____

PAUL D. WILLIAMS,

                                        Plaintiff-Appellant,

versus

J.B. SMITH, Sheriff,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:03-CV-88
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

        Paul D. Williams, Texas prisoner # 1149568, appeals the

dismissal of his civil rights action filed under 42 U.S.C. § 1983

as frivolous and for failure to state a claim upon which relief

can be granted.  Williams contends that the defendant denied him

access to the courts while he was a pretrial detainee at the

Smith County Jail.

        The record reflects that counsel was initially appointed to

represent Williams in his criminal proceeding.  Williams relieved

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appointed counsel and he retained counsel. Insofar as Williams may seek to challenge the guilty-plea process, he has no claim. See Degrate v. Godwin, 84 F.3d 768, 769 (5th Cir. 1996). Insofar as Williams asserts that he sought access to the jail's law library to pursue habeas relief relating to the denial of his bond-reduction motion, we uphold the magistrate judge's dismissal of that claim on the alternative ground that the record reflects that Williams suffered no prejudice from any such denial. See Sojourner T. v. Edwards, 974 F.2d 27, 30 (5th Cir. 1992). In light of the extensive criminal history listed in Williams' inmate classification record and his status as a registered sex offender, any further attempts to have his bond lowered would have been futile.

Based on the foregoing, the judgment of the district court is AFFIRMED. The district court's dismissal of Williams' complaint counts as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Williams is WARNED that if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.