**Joe Garcia ESPITIA, Petitioner–Appellant,**

v.

**George ORTIZ, Respondent–Appellee.**

**No. 01–55879.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 4, 2004.

Decided Nov. 4, 2004.

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Joe Garcia Espitia, Soledad, CA, pro se.

William C. Melcher, Esq., Melcher, Melcher & Melcher, Woodland Hills, CA, Gary W. Schons, Quisteen S. Shum, Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: CANBY, HANSEN,* and RAWLINSON, Circuit Judges.

### MEMORANDUM **

Joe Garcia Espitia was charged in California state court with carjacking, and the complaint alleged that this conviction would be his third strike under California's sentencing law because he had prior felony convictions. Five months before trial, Espitia discharged his public defender and elected to proceed pro se pursuant to *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). He later retained a lawyer, but then discharged him the month before trial. On at least four occasions before trial, Espitia complained to the trial court that the jail was not giving him access to a law library. Despite court orders, he did not receive law library access before trial.

Four days before trial, the State filed an amended information which added two lesser-included offenses of carjacking (robbery and auto theft) and lengthened the list of Espitia's alleged prior felony convictions. April 8, 1997, was the last permissible day for trial to begin under California's speedy-trial law because Espitia had steadfastly refused to waive his right to a speedy trial. On that day, the trial court arraigned him on the amended information, re-advised him of his rights, and asked him if he waived his rights. Espitia responded, "I want an attorney," and he moved "to dismiss for denial of counsel and my right to self representation." The trial court denied his motion and did not appoint counsel, and the trial commenced.

After the conclusion of evidence, but before the closing arguments and the jury-instructions conference, Espitia complained that the jail still had not given him access to the law library. The trial court entered another order granting him access to the law library, and Espitia received about four hours in the law library to

---

* The Honorable David R. Hansen, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

prepare. The jury convicted Espitia of all charges, and the trial court sentenced him to thirty-eight years to life in prison.

The California Court of Appeal affirmed in an unpublished opinion, and the California Supreme Court summarily denied Espitia's petition for review. The district court denied Espitia's timely 28 U.S.C. § 2254 petition but granted him a certificate of appealability on two issues. We affirm as to the first issue. As to the second issue, however, we reverse the judgment of the district court and remand with instructions to grant Espitia a writ of habeas corpus.

Espitia's § 2254 petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under the relevant provision of AEDPA, a federal court may grant relief only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

■ First, Espitia argues that his right to counsel was violated when the trial court denied his day-of-trial request for a lawyer. The California Court of Appeal rejected this claim on the basis that Espitia had twice previously waived his right to counsel under *Faretta,* and his request for an attorney on the day of trial was within the trial court's discretion to deny because it was untimely. This decision was not contrary to or an unreasonable application of clearly established federal law as determined by the United States Supreme Court. *See Robinson v. Ignacio,* 360 F.3d 1044, 1058 (9th Cir.2004) (citing *Menefield v. Borg,* 881 F.2d 696, 700–01 (9th Cir. 1989)).

■ Second, Espitia argues that his right as a pro se defendant to access a law library was violated because he received no access prior to trial and only four hours of access during trial. The California Court of Appeal rejected this claim on the basis that Espitia had no constitutional right to law library access, and moreover, he did not demonstrate prejudice. However, this circuit has already held in a post-AEDPA case that "[a]n incarcerated criminal defendant who chooses to represent himself has a constitutional right to access to 'law books ... or other tools' to assist him in preparing a defense." *Bribiesca v. Galaza,* 215 F.3d 1015, 1020 (9th Cir.2000) (quoting *Milton v. Morris,* 767 F.2d 1443, 1446 (9th Cir.1985) ("An incarcerated defendant may not meaningfully exercise his right to represent himself without access to law books, witnesses, or other tools to prepare a defense.")). *Bribiesca* was a case in which we affirmed the district court's grant of the defendant's § 2254 motion and, in rejecting all of the State's arguments for reversal, we commented, "If the state had unconstitutionally denied Bribiesca [law library] access, that denial would have been an independent basis for relief." *Bribiesca,* 215 F.3d at 1020.

Reversal is required in the instant case because, under *Bribiesca* and *Milton* the lack of any pretrial access to lawbooks violated Espitia's constitutional right to represent himself as established by the Supreme Court in *Faretta.* We recognize that our circuit's holding in *Bribiesca* conflicts with cases from several other circuits holding that a defendant who declines the appointment of counsel and elects to represent himself at trial has no right to access a law library. *See United States v. Byrd,* 208 F.3d 592, 593 (7th Cir.2000); *United States v. Taylor,* 183 F.3d 1199, 1204 (10th Cir.1999); *Greene v. Brigano,* 123 F.3d 917, 921 (6th Cir.1997); *Degrate v. Godwin,* 84 F.3d 768, 769 (5th Cir.1996); *United States v. Chatman,* 584 F.2d 1358, 1360 (4th Cir.1978). However, we are not writing on a blank slate in determining what

constitutes clearly established federal law as determined by the United States Supreme Court: we are bound by the prior panel's opinion.

Accordingly, we remand this case to the district court with instructions to grant Espitia a writ of habeas corpus requiring the State to retry him within a reasonable time to be determined by the district court or release him.

**REVERSED AND REMANDED.**