United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 23, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 04-30965
Summary Calendar

_____

JOSE RAMOS CARABALLO,

Plaintiff-Appellant,

versus

FEDERAL BUREAU OF PRISONS; ROBERT KOSCO; RON MARTINEZ,

Defendants-
Appellees.

---------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:04-CV-1219-DDD
---------------------------------------------------------------

Before WIENER, BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:[*]

Jose Ramos Caraballo, federal prisoner # 17850-047, appeals the dismissal with prejudice as

frivolous and for failure to state a claim of his in forma pauperis (IFP) civil-rights suit against the

federal Bureau of Prisons (BOP), Robert Kosco, Camp Administrator, and Ron Martinez, Education

Supervisor. Caraballo argues that the district court failed to address his claim under the

Administrative Procedures Act (APA) and that the dismissal of his APA claim was error because the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

APA provides for a private cause of action to challenge an agency's administrative procedures where no monetary damages are sought.

Caraballo's APA claim consisted only of his contention that BOP's Program Statement 1315.07 violates the APA because "it fails to ensure meaningful access to the courts to non-English speaking inmates." The district court correctly found that Caraballo had not established that he was denied meaningful access to the courts. Thus, Caraballo has not shown that the district court erred in dismissing his APA claim.

Caraballo also argues that the dismissal of his action to compel the BOP to provide non-English speaking inmates with meaningful access to the courts was error because the BOP has failed to meet the "'meaningful access requirements'" set forth by the Court in Lewis v. Casey, 518 U.S. 343 (1996). Although he states that he incorporates his objections to the magistrate judge's report and recommendation in support of this argument, we do not consider them. See Peel & Co., Inc. v. The Rug Market, 238 F.3d 391, 398-99 (5th Cir. 2001).

Caraballo also asserts that he was denied meaningful access to the courts because he was unable to assist his attorney during his direct appeal by conducting legal research. Because Caraballo had court-appointed counsel on appeal, he had no constitutional right of access to a law library in preparing his defense, and Caraballo failed to state a claim for which relief may be granted. See Degrate v. Godwin, 84 F.3d 768, 768-69 (5th Cir. 1996). Moreover, Caraballo does not assert a "relevant actual injury" regarding his criminal appeal. See Lewis, 518 U.S. at 351.

Caraballo further contends that the fact that the district court did not permit him to cure the alleged defect in his pleadings demonstrates that he has been denied meaningful access to the courts.

This argument is meritless. Caraballo's complaint was that the defendants had denied him access to the courts.

Finally, Caraballo asserts that he is presently preparing a petition for writ of certiorari to the Supreme Court and that he is unable to do so without legal materials translated into Spanish "or legal assistance of some type." We do not consider this new issue on appeal. See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Ctrs., Inc., 200 F.3d 307, 316-17 (5th Cir. 2000).

Caraballo's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). It is therefore DISMISSED. See 5TH CIR. R. 42.2. Caraballo is CAUTIONED that the dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g), as does the district court's dismissal of his complaint. See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Caraballo is CAUTIONED that if he accumulates three strikes under 28 U.S.C. § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.