IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 11, 2007

Charles R. Fulbruge III
Clerk

No. 06-41129
Conference Calendar

HARDIS BARNES

Plaintiff-Appellant

v.

MAXEY CERLIANO, Sheriff; STEPHEN CLARK; UNIDENTIFIED SMITH;
UNIDENTIFIED JAILER, Gregg County

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:05-CV-380

Before REAVLEY, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Hardis Barnes, Texas prisoner # 1329684, appeals the dismissal of his 42 U.S.C. § 1983 complaint pursuant to 28 U.S.C. § 1915A as frivolous and for failure to state a claim upon which relief may be granted. Barnes contends that the defendants violated his right of access to the courts by denying him use of the prison law library, resulting in prejudice because he was unable to file a motion based on the Texas Speedy Trial Act, TEX. CODE CRIM. PROC. ANN.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

art. 32A.02 (Vernon 1989), declared unconstitutional by Meshell v. State, 739 S.W.2d 246, 257-58 (Tex. Crim. App. 1987). Barnes also contends that he suffered actual injury because he was unable to litigate matters pertaining to a void bail jumping indictment and his other criminal proceedings. Barnes's motion for production of a transcript at government expense is denied. See 28 U.S.C. § 753(f).

Barnes has not demonstrated actual injury in connection with the defendants' actions. See Lewis v. Casey, 518 U.S. 343, 351 (1996). Article 32A.02 was held unconstitutional by the Texas Court of Criminal Appeals. Meshell, 739 S.W.2d at 257-58. Moreover, Barnes has not shown why a speedy trial challenge could not have been filed by his appointed counsel. Barnes was also represented by counsel in his other proceedings. A prisoner's constitutional right of access to courts may be satisfied through representation by counsel. See Degrate v. Godwin, 84 F.3d 768, 768-69 (5th Cir. 1996) (emphasizing that "adequate assistance from persons trained in the law" is sufficient). The dismissal of his complaint was not error. See Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999). The instant appeal is without arguable merit and is therefore dismissed as frivolous. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.

The dismissal of Barnes's complaint and the instant dismissal each count as strikes for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Barnes is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED; MOTION DENIED; SANCTION WARNING ISSUED.