**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 20, 2009

Charles R. Fulbruge III
Clerk

No. 08-20409
Summary Calendar

JAYSON BRENT DICKINSON; ROBERT LESLIE CALDWELL; DON
EDWARD JONES

Plaintiffs-Appellants

v.

TX, FORT BEND COUNTY; FORT BEND COUNTY JAIL; MILTON WRIGHT

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-1792

Before GARWOOD, JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jayson Brent Dickinson, Texas prisoner # 1491494, appeals the dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A. Dickinson argues that being denied access to a law library violated his constitutional rights and that having appointed counsel did not provide him with adequate access to the law. He argues that he was misrepresented by counsel and that without access to a law library, he could not

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prevent this misrepresentation. He argues that he had a right to investigate the law on his own behalf while he had charges pending against him.

We review the dismissal de novo. *See Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998). "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries **or** adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added). Because Dickinson had court-appointed counsel to represent him, he did not have a constitutional right of access to a law library to prepare his criminal defense. *See Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir. 1996). Accordingly, the district court did not err in dismissing his complaint for failure to state a claim.

Dickinson's appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. *See* 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous and the district court's dismissal for failure to state a claim each count as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). We caution Dickinson that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.