CLD-318                                                             NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1869
_____

JUAN DIAZ, JR.,
Appellant

v.

ERIC HOLDER, U.S. Attorney General;
CHARLES SAMUELS, JR., Director for F.B.O.P.;
HARRELL WATTS, General Counsel for F.B.O.P.;
REGIONAL DIRECTOR J.L. NORWOOD, Federal Bureau of Prisons;
MICHAEL D. TAFELSKI, Regional Counsel at Federal Bureau of Prisons;
B.A. BLEDSOE, Warden at U.S.P. Lewisburg
RONNIE HOLT; Warden at U.S.P. Allenwood
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1:12-cv-02520)
District Judge: Honorable John E. Jones III
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 3, 2013

Before:  RENDELL, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed: July 25, 2013)
_____

OPINION
_____

PER CURIAM

Juan Diaz, Jr., appeals from the District Court's entry of judgment in his civil rights case. For the following reasons, we will summarily affirm.

I.

Diaz, a Massachusetts state prisoner housed in federal prison, filed a civil rights complaint in the Middle District against the U.S. Attorney General and several prison officials. In his complaint, Diaz claimed that the defendants violated his constitutional rights by denying him access to adequate state law material. He alleged that, as a result, he untimely filed a motion in state court for a new trial, and has been unable to stay current on state law related to his criminal case.

The Magistrate Judge screened Diaz's complaint pursuant to its authority under 28 U.S.C. § 1915(e) and recommended dismissal. The District Court adopted the report and recommendation and dismissed the complaint without prejudice. Diaz submitted a response to the report and recommendation, which was construed as an amended complaint. The Magistrate Judge again recommended dismissing the amended complaint for failure to state a viable claim. Despite Diaz's objections, the District Court adopted the Magistrate Judge's new recommendation and dismissed the complaint without leave to amend any further. Diaz timely filed a motion for reconsideration under Fed. R. Civ. P. 59(e), which the District Court denied. Diaz timely appealed.

II.

We have jurisdiction under 28 U.S.C. § 1291, and we review the District Court's denial of the motion for reconsideration for abuse of discretion. Long v. Atl. City Police

2

Dep't, 670 F.3d 436, 446-47 (3d Cir. 2012). And because an appeal from the denial of a timely motion for reconsideration "brings up the underlying judgment for review," we will also exercise plenary review over the District Court's dismissal of Diaz's amended complaint. See LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 225 n.6 (3d Cir. 2007); see also Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). To survive dismissal, Diaz's complaint needed to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Diaz raised an access-to-the-courts claim in his amended complaint, alleging that the prison law library did not carry Massachusetts legal material—and that, as a result, his motion for a new trial was untimely filed. (See Pl.'s Ex. 4 at 140-45.) Prisons are required to provide inmates with the tools they need "in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." Lewis v. Casey, 518 U.S. 343, 355 (1996). Diaz has not alleged any injury, however, traceable to the law library's deficiencies. His motion for a new trial was clearly filed with the assistance of counsel, (See Pl.'s Resp. to Rep. & Recommendation at 4-5); its untimeliness was not due to the library if its source was counsel. Diaz therefore has not alleged sufficient injury under Lewis. See id. at 351 ("[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library . . . is subpar . . . [he] must . . . demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim."). And as there does not appear to

be any other allegation in the record of untimely filings, the District Court was right to find his allegations insufficient. See Iqbal, 556 U.S. at 678.

Moreover, an adequate prison law library is but one of many acceptable ways to satisfy Diaz's right to access the courts. See Bounds v. Smith, 430 U.S. 817, 831 (1977). The right can be satisfied instead, for example, by appointing Diaz an attorney. See Peterkin v. Jeffes, 855 F.2d 1021, 1042 (3d Cir. 1988); see also Degrate v. Godwin, 84 F.3d 768, 768-69 (5th Cir. 1996) (holding that prisoner did not have right to access law library because he had court-appointed counsel). And, as Diaz himself admitted, he did have appointed counsel for his direct appeal and may have the benefit of counsel in future filings. (Mot. for Recons. at 3.) The right can also be satisfied with the help of paralegals. See Bounds, 430 U.S. at 831. The record shows that Diaz corresponded with several Massachusetts state paralegals who seem to exist to help someone in his position. (See Pl.'s Ex. W at 87-97.)

We note, too, that if Diaz's access to state-law materials was more limited than it should have been, the BOP officials that he named in the suit were not proper defendants. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). The BOP policy statement to which Diaz has repeatedly referred indicates that state prisoners in BOP custody are to obtain any needed state-law materials from the state itself. (Pl.'s Ex. W at 83.) This policy is acceptable. See Corgain v. Miller, 708 F.2d 1241, 1250-51 (7th Cir. 1983) (where state prisoners are held in federal custody, federal officials need not provide them with state legal materials); Beshaw v. Fenton, 635 F.2d 239, 247 (3d Cir. 1980)

4

(citing approvingly a case that upheld the same proposition). Any denial of access would thus be attributable to Massachusetts officials, not BOP officials.[1]

Finally, the District Court did not abuse its discretion in denying Diaz's motion for reconsideration. See Long, 670 F.3d at 446-47. Diaz did not allege a manifest error of law or fact in the District Court's dismissal of his complaint, nor did he present newly discovered evidence. See Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

For the reasons given, the District Court properly dismissed Diaz's complaint, and it properly denied his motion for reconsideration. Accordingly, we will summarily affirm the judgment of the District Court. Murray v. Bledsoe, 650 F.3d 246, 248 (3d Cir. 2011) (per curiam); see also 3d Cir. L.A.R.; I.O.P. 10.6. The motion for appointment of counsel is denied. See Tabron v. Grace, 6 F.3d 147, 153-54 (3d Cir. 1993).

---

[1] Largely for the same reasons as those given here, Diaz failed to state a viable failure-to-train-and-supervise claim. He did not show how the defendants, by not providing him access to Massachusetts legal material, were deliberately indifferent to his right to access the courts. See City of Canton v. Harris, 489 U.S., 378, 391 (1989).