# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50433

United States Court of Appeals
Fifth Circuit

**FILED**

November 25, 2013

Lyle W. Cayce
Clerk

GARY DON ROBINSON,

Plaintiff-Appellant

v.

RANDY ELY, United States Marshall, Northern District; WARDEN WILSON; JOHN DOE, I, Lubbock, Texas, United States Deputy Marshall; JOHN DOE II, Abilene, Texas, Northern District of Texas; CHIEF FNU ADAMS; LIEUTENANT FNU MCQUEEN; DAVID SLOAN; FEDERAL BUREAU OF PRISONS; MADELINE CHIGOY,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:10-CV-220

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:*

Gary Don Robinson, federal prisoner # 35337-177, was convicted on numerous counts involving counterfeit securities and was sentenced to a total of 180 months of imprisonment. He rejected court-appointed counsel and chose to proceed pro se at trial and on direct appeal; his direct appeal was dismissed

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for failure to prosecute. *United States v. Robinson*, No. 09-11043 (5th Cir. Apr. 20, 2010) (unpublished). He then filed a civil action in which he asserted various claims, all pertaining to the difficulties he allegedly experienced in representing himself at trial and on direct appeal. The district court dismissed the action under Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, and it certified that Robinson's appeal was not taken in good faith.

By moving to proceed in forma pauperis (IFP) in this court, Robinson is challenging the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997). This court's inquiry into a litigant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). In addition, when the trial court's certification decision is inextricably intertwined with the merits of the case, this court may dispose of the appeal on its merits. *Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. We may take judicial notice of our own records or those of the district court. *See ITT Rayonier Inc. v. United States*, 651 F.2d 343, 345 n.2 (5th Cir. 1981).

Robinson's IFP motion lists 10 issues; however, several of the listed issues are not adequately briefed. Robinson has failed to address the district court's dismissal of his claims against defendants Sloan and the Bureau of Prisons, and he likewise does not address whether the district court abused its discretion in refusing to grant limited discovery, dismissing his claims under 42 U.S.C. § 1997e, and refusing to allow the amendment of his complaint. Accordingly, he is deemed to have abandoned these issues. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

We address only the issues adequately briefed by Robinson. His claim of denial of access to the courts fails because he rejected the assistance of court-

appointed counsel at trial and on direct appeal. *See Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir. 1996). Robinson fails to state an Eighth Amendment claim based on his placement in facilities where he allegedly had inadequate access to a law library or legal materials; such allegations do not suggest conditions of confinement that were "so serious as to deprive him of the minimal measure of life's necessities, as when denied some basic human need." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). Robinson's claim that he was retaliated against by being transferred to facilities that did not have adequate law libraries was properly dismissed, as his allegations were conclusional and did not permit the plausible inference of a retaliatory motive on the part of any defendant. *See Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999); *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Robinson failed to state a "class of one" equal protection claim because his allegations did not identify any similarly situated prisoners, nor did his allegations show that he was intentionally treated differently from any other prisoners absent a rational basis. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Because he fails to state a claim of an underlying constitutional violation, Robinson cannot establish a claim against defendant Ely for supervisory liability or for implementation of an allegedly unconstitutional policy. *See Becerra v. Asher*, 105 F.3d 1042, 1048 (5th Cir. 1997).

With regard to defendant Chigoy, even if we accept Robinson's contention that she was not entitled to absolute immunity with respect to the sending of notices, the district court did not reversibly err in dismissing Robinson's due process claim. The briefing notices provided by Chigoy in No. 09-10703 and in No. 09-11043 were constitutionally sufficient as they provided notice and an opportunity to be heard. *See Childs v. State Farm Mut. Auto. Ins.,* 29 F.3d 1018, 1027 (5th Cir. 1994). Chigoy's alleged failure to mail the

briefing notice in No. 09-11403 to the facility to which Robinson had been transferred indicates nothing more than possible negligence or oversight on her part, which is insufficient to establish a due process violation. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986). Finally, because Robinson's allegations contained nothing more than "a conclusory allegation of agreement," and thus were not "enough to raise a right to relief above the speculative level," the district court did not err in dismissing the claim that Chigoy conspired with the other defendants to deny Robinson access to the courts. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In view of the foregoing, Robinson's appeal is without arguable merit and is thus frivolous. *See Howard*, 707 F.2d at 219-20. Because the appeal is frivolous, it is dismissed. 5TH CIR. R. 42.2. Robinson's IFP motion is denied.

The district court's judgment dismissing the complaint for failure to state a claim counts as a strike for purposes of 28 U.S.C. § 1915(g), as does the dismissal, as frivolous, of the instant appeal. *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Robinson has two prior strikes. *See Robinson v. Texas Dep't of Criminal Justice-Board of Pardons & Parole*, 54 F. App'x 407, 407, 2002 WL 31688951, *1 (5th Cir. 2002). Thus, he has now accumulated at least three strikes. Robinson is now barred under § 1915(g) from bringing a civil action or an appeal from a judgment in a civil action or proceeding under § 1915 unless he is under imminent danger of serious physical injury.

APPEAL DISMISSED AS FRIVOLOUS; IFP MOTION DENIED: 28 U.S.C. § 1915(g) BAR IMPOSED.