**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1312
_____

KEITH ROSARIO,
Appellant

v.

EDWARD STRAWN, Warden; DEVYN BREESE, Counselor;
CAPTAIN RESTANIO; DONALD E. WAUGH, Deputy Warden;
CHRISTOPHER M. CAIN, Deputy Warden; MAJOR CODDINGTON;
SERGEANT POLPECK

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:19-cv-01040)
District Judge: Honorable Robert J. Colville

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 28, 2022
Before: MCKEE, GREENAWAY, Jr. and PORTER, Circuit Judges

(Opinion filed: August 8, 2022)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Keith Rosario appeals from the final judgment in this 42 U.S.C. § 1983 action. Because this appeal does not present a substantial question, we will summarily affirm.

I.

Rosario, a pretrial detainee at the time of the relevant events, initiated this action in August 2019, and filed his second amended complaint in January 2020. He named as defendants various officials stationed at Washington County Correctional Facility ("WCCF"), and brought claims for failure to protect, retaliation, bystander liability, conspiracy, violation of his procedural due process rights, denial of access to media and the law library, and a "Monell claim." Defendant Devyn Breese filed a motion to dismiss, and all but one of the other Defendants filed a partial motion to dismiss.

The Magistrate Judge issued a Report and Recommendation ("R&R"), recommending the following: (1) dismissal of all of the claims against Defendant Breese; (2) denial of the partial motion to dismiss as to the Fourteenth Amendment procedural due process claim and the retaliation claim; (3) dismissal without prejudice of the conspiracy claim; and (4) dismissal with prejudice of the remaining claims.

Rather than file objections to the R&R, Rosario filed a "Motion to Dismiss Without Prejudice," wherein he requested to "partially withdraw his complaint" so that he could seek relief in state court. He asked the District Court to dismiss all of this claims against Breese without prejudice, and to dismiss all of his claims against the other

2

Defendants without prejudice, with the exception of his retaliation claim against Defendants Edward Strawn, Christopher Cain, and Donald Waugh, who respectively served as the warden and deputy wardens of WCCF.

On September 30, 2020, the District Court issued an order addressing the R&R and Rosario's "Motion to Dismiss Without Prejudice." The District Court construed Rosario's motion as a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), and dismissed, without prejudice, all claims against all Defendants with the exception of Strawn, Cain, and Waugh. The Court concluded that Rosario was not permitted under Rule 41 to withdraw less than all claims against any individual defendant. Accordingly, because Rosario had requested to proceed on his retaliation claim against Strawn, Cain, and Waugh, the Court adopted the R&R as to the claims against those Defendants that the Magistrate Judge had recommended dismissing with prejudice. The Court dismissed the conspiracy claim and the Fourteenth Amendment due process claim against Strawn, Cain, and Waugh, without prejudice, and afforded Rosario the opportunity to file a third amended complaint by October 21, 2020, to address pleading deficiencies identified in the R&R as to the conspiracy claim and to reassert the due process claim. Rosario failed to file a third amended complaint.

Rosario and the three remaining Defendants eventually filed cross motions for summary judgment addressing the outstanding retaliation claim. In this round of motion practice, Rosario proceeded as if some of the dismissed claims against the remaining Defendants were still live. The Magistrate Judge issued separate R&Rs, recommending

3

in one that the District Court deny Rosario's motion, and in the other that the Court grant summary judgment in favor of Defendants Strawn, Cain, and Waugh. The District Court adopted both R&Rs, over Rosario's objections, and declined to consider Rosario's arguments about the previously dismissed claims, noting that the deadline to file a third amended complaint had long since passed.

Rosario timely appealed and in this Court has filed a document in support of his appeal.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we may summarily affirm if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6. We exercise plenary review both over the District Court's decision to grant a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), see Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018), and over the grant of summary judgment. Groman v. Twp. of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995). To survive a motion to dismiss for failure to state a claim, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks omitted). We accept all factual allegations in the complaint as true and construe those facts in the light most favorable to the plaintiff. Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). We also construe Rosario's pro se pleadings liberally. See

4

Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; Kaucher v. County of Bucks, 455 F.3d 418, 422-23 (3d Cir. 2006).

III.

We will first address the dismissed claims.  In his document in support of appeal, Rosario appears to argue that he inadvertently sought to dismiss defendants and claims from the action, that the District Court should have counseled him against doing so because he was proceeding pro se, and that this Court should remand the matter so that he can litigate the voluntarily dismissed claims.  In support of this argument, Rosario asserts that the District Court gave him until October 21, 2021, to file his third amended complaint, but dismissed the claims anyway.  Rosario is incorrect.  In the District Court's September 30, 2020 order, the Court gave Rosario a deadline of October 21, 2020, to file his third amended complaint.  Rosario never requested permission to file an untimely third amended complaint and the District Court was under no obligation to construe his filings as such, particularly in light of the clarity of the District Court's instructions in the September 30, 2020 order.  See Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting that pro se litigants "must abide by the same rules that apply to all other litigants").

5

Turning to the merits of the dismissed claims against Defendants Strawn, Cain, and Waugh, we conclude that the District Court committed no error. With regard to the failure-to-protect claim, Rosario alleged that after he was transferred to another prison, he was beaten by guards there. Allegations of being assaulted by officials at a different institution clearly fall short of stating a failure-to-protect claim, which requires the defendant to have knowledge of, and disregard, a serious risk of injury. See Farmer v. Brennan, 511 U.S. 825, 837 (1994); see also Bistrian v. Levi, 696 F.3d 352, 367 (3d Cir. 2012). This claim was properly dismissed.

In support of his conspiracy claim, Rosario alleged that Defendants Strawn, Cain, Waugh, and others, conspired to keep him confined in WCCF's Restricted Housing Unit ("RHU"). However, his allegations did not reach beyond conclusory assertions devoid of facts supporting a reasonable inference that prison officials conspired against him and, therefore, the claim was properly dismissed. See Great W. Mining & Min. Co. v. Fox Rothschild LLP, 615 F.3d 159, 178 (3d Cir. 2010) ("[T]o properly plead an unconstitutional conspiracy [under § 1983], a plaintiff must assert facts from which a conspiratorial agreement can be inferred.").

To the extent that Rosario's claim for access to media and the law library was based on non-legal reading material, we conclude that the District Court committed no error in dismissing the claim on the basis that Rosario alleged only that the Defendants did not affirmatively provide him with reading materials. To the extent that this was an access-to-courts claim regarding his purported inability to access the law library in

6

support of his criminal proceedings, he failed to identify a nonfrivolous or arguable legal claim he lost, or how more access to the law library would have changed the outcome of his criminal proceedings. See Christopher v. Harbury, 536 U.S. 403, 415-16 (2002); Lewis v. Casey, 518 U.S. 343, 351 (1996) (holding that a prisoner must show an actual injury to state a claim for denial of access to courts). We note as well that Rosario was represented in his criminal proceedings by an attorney that his family had retained. Cf. Peterkin v. Jeffes, 855 F.2d 1021, 1042 (3d Cir. 1988) ("[T]he provision of lawyers is one means by which a state may provide prisoners with meaningful access to courts."); Degrate v. Godwin, 84 F.3d 768, 768-69 (5th Cir. 1996) (per curiam) (holding that prisoner did not have constitutional right to access law library because he had rejected the assistance of court-appointed counsel).

The District Court did not err in dismissing Rosario's "Monell claim," brought under Monell v. Department of Social Services, 436 U.S. 658 (1978), which imposes liability on municipalities that maintain unconstitutional policies, customs, or practices. As succinctly and correctly observed by the District Court, Defendants Strawn, Cain, and Waugh are not municipalities.

Finally, as to the Fourteenth Amendment due process claim, the District Court did not err in construing Rosario's notice of voluntary dismissal as a request to amend that claim under Rule 15(a), and therefore dismissing the claim with leave to reassert it in a third amended complaint by a date certain, which Rosario failed to do.

7

Turning to the grant of summary judgment on Rosario's retaliation claim, we also conclude that the District Court did not err. The claim was based on Rosario's allegedly retaliatory transfer to a different prison. To prevail on a First Amendment retaliation claim, Rosario had to show that: "(1) [he] engaged in constitutionally protected conduct, (2) there was retaliatory action sufficient to deter a person of ordinary firmness from exercising [his] constitutional rights, and (3) there was a causal link between the constitutionally protected conduct and the retaliatory action." Conard v. Pa. State Police, 902 F.3d 178, 183 (3d Cir. 2018) (alterations omitted) (quoting Mirabella v. Villard, 853 F.3d 641, 649 (3d Cir. 2017)). There is no dispute that threatening to file a lawsuit against the Defendants would qualify as constitutionally protected conduct. See Anderson v. Davila, 125 F.3d 148, 161 (3d Cir. 1997). However, the District Court correctly held that Rosario failed to establish an adverse action or a causal connection. At WCCF, he was confined in the RHU because his alleged co-conspirator was already housed there in general population. Many of Rosario's claims in this lawsuit were based on his confinement in the RHU at WCCF. When he was transferred, allegedly as retaliation for threatening to file a lawsuit challenging his confinement in the RHU, he was housed in general population at a nearby prison, with far fewer restrictions, including as they related to accessing the law library and making phone calls. The record evidence demonstrated that the transfer was the result of Rosario's request to be free from the confines of the RHU (which could not happen at WCCF on account of his co-

8

conspirator's presence), rather than as punishment for a threatened lawsuit.  Accordingly, summary judgment was appropriately granted for Defendants Strawn, Cain, and Waugh.

Finding no substantial question raised by this appeal, we will summarily affirm the District Court's judgment, <u>see</u> 3d Cir. LAR 27.4 and I.O.P. 10.6.