ACCEPTED
01-13-00448-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
2/19/2015 6:35:59 PM
CHRISTOPHER PRINE
CLERK

## Nos. 01-13-00447-CR & 01-13-00448-CR

In the
Court of Appeals
For the
First Judicial District of Texas
At Houston

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

2/19/2015 6:35:59 PM

CHRISTOPHER A. PRINE
Clerk

───────◆───────

### Nos. 1356098 & 1356099
In the 182nd District Court of
Harris County, Texas

───────◆───────

**SAMUEL ESPINOSA RODRIGUEZ**
*Appellant*

v.

**THE STATE OF TEXAS**
*Appellee*

───────◆───────

STATE'S APPELLATE BRIEF

───────◆───────

**DEVON ANDERSON**
District Attorney
Harris County, Texas

**CARLY DESSAUER**
Assistant District Attorney

**WILLIAM COWARDIN &
CELESTE BYROM**
Assistant District Attorney

Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
Tel.: 713/755-5826
Fax No.: 713/755-5809

ORAL ARGUMENT NOT REQUESTED

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Texas Rule of Appellate Procedure 9.4(g) and Texas Rule of Appellate Procedure 39.1, the State does not request oral argument but requests that the State be allowed to present oral argument if this Court grants appellant's request.

## IDENTIFICATION OF THE PARTIES

Pursuant to Texas Rule of Appellate Procedure 38.2(a)(1)(A), a complete list of the names of all interested parties is provided below.

Counsel for the State:

**Devon Anderson** — District Attorney of Harris County

**Carly Dessauer** — Assistant District Attorney on appeal

**William Cowardin** — Assistant District Attorney at trial

**Celeste Byrom** — Assistant District Attorney at trial

Appellant or criminal defendant:

**Samuel Espinoza Rodriguez (pro se)**

Counsel for Appellant:

Harriet Sewell Shannon — Standby attorney at trial

Trial Court:

**Hon. Jay W. Burnett**

**Hon. Jim Anderson**

ii

# TABLE OF CONTENTS

Statement Regarding Oral Argument.................................................................................. ii

Identification Of The Parties ............................................................................................. ii

Table Of Authorities ........................................................................................................ vi

Statement Of The Case...................................................................................................... 1

Statement Of Facts............................................................................................................ 1

Summary Of The Arguments ............................................................................................ 4

Reply To Appellant's First Point Of Error ....................................................................... 6

I.      The indictments in appellant's cases properly bestowed the trial court
        with jurisdiction over his offenses of aggravated assault with a deadly
        weapon and evading arrest despite appellant's arguments that the
        complaints in his cases were in invalid. ................................................................ 6

        a.      The indictments issued by the grand jury provided the trial court
                with jurisdiction over appellant's offenses. .............................................. 7

        b.      Appellant failed to raise his separation of powers argument at
                trial, thus waiving this argument on appeal............................................. 10

Reply To Appellant's Second And Fourteenth Points of Error...................................... 12

II.     Appellant properly waived his right to counsel and invoked his right to
        represent himself............................................................................................... 12

        a.      Appellant knowingly, intelligently, and voluntarily invoked his
                right to self-representation and waived his right to counsel after
                the trial court properly inquired into his decision. ................................. 14

        b.      The record shows that appellant knew that he faced the evading
                arrest charge as well as the aggravated assault charge at trial when
                he waived his right to counsel and chose to represent himself at
                trial........................................................................................................... 18

Reply To Appellant's Third Point Of Error .................................................... 21

III.    Appellant failed to timely raise his complaints about the reporter's record in his case and thus waived his arguments regarding the record on appeal. ................................................................................................................ 21

Reply To Appellant's Fourth Point Of Error .................................................. 25

IV.    Appellant waived his right to claim that his court-appointed attorney provided ineffective assistance of counsel because she had a conflict of interest when he waived his Sixth Amendment right to counsel and chose to represent himself. .................................................................... 25

      a.    Appellant waived his right to counsel and thus waived his right to effective assistance of counsel. ................................................ 27

      b.    Even if appellant had not waived his right to effective assistance of counsel, appellant's court-appointed counsel did not have an actual conflict of interest with the State. .................................... 28

Reply To Appellant's Fifth Point Of Error ...................................................... 31

V.    The lost video evidence was not material, exculpatory, or lost in bad faith. ................................................................................................................ 31

Reply To Appellant's Sixth Point Of Error ..................................................... 35

VI.    Appellant failed to preserve his complaint that the copy of State's Exhibit 17 that was filed in the clerk's record before trial and the copy of State's Exhibit 17 that was admitted at court were recorded on different brands of CDs by failing to object at trial. ............................................ 35

Reply To Appellant's Seventh Point Of Error ................................................. 37

VII.    Appellant failed to preserve and adequately brief his argument questioning the trial court's impartiality. ............................................... 37

Reply To Appellant's Eighth Point Of Error ................................................... 38

VIII.    Appellant failed to adequately brief and failed to preserve his argument that the trial court erred when it did not issue written rulings on all motions that appellant filed. ........................................................... 38

Reply To Appellant's Ninth Point Of Error.........................................................39

IX.    The trial court did not abuse its discretion when it denied appellant's motion to dismiss cause number 1356098...............................................39

Reply To Appellant's Tenth Point Of Error.........................................................41

X.    The trial court did not abuse its discretion in denying appellant's motions to quash the enhancement paragraphs in his indictments without first holding a hearing. ...................................................41

Reply To Appellant's Eleventh Point Of Error ....................................................43

XI.    The trial court did not abuse its discretion when it denied appellant's request for extra access to the law library. ............................................43

Reply To Appellant's Twelfth Point Of Error .....................................................46

XII.    The trial court did not err when it denied appellant's motions to set aside the indictments. ...................................................................46

Reply To Appellant's Thirteenth Point Of Error..................................................47

XIII.    The State did not knowingly offer perjured testimony at trial. ...........47

    a.    Jose did not provide perjured testimony at trial. .......................49

    b.    Jose's testimony regarding his medical condition and care as a result of the shooting did not contribute to appellant's conviction beyond a reasonable doubt.........................................50

Conclusion............................................................................................51

Certificate Of Compliance..........................................................................52

Certificate Of Service................................................................................53

# TABLE OF AUTHORITIES

## CASES

*Acosta v. State*,
233 S.W.3d 349 (Tex. Crim. App. 2007) ...............................................................27, 28

*Arizona v. Youngblood*,
488 U.S. 51 (1988) .................................................................................33, 34, 35

*Bell v. State*,
814 S.W.2d 229 (Tex. App.—Houston [1st Dist.] 1991, pet. ref'd) ...................42, 43

*Blankenship v. State*,
673 S.W.2d 578 (Tex. Crim. App. 1984) ...................................................................19

*Bounds v. Smith*,
430 U.S. 817 (1977), *overruled on other grounds by*
*Lewis v. Casey*, 518 U.S. 343 (1996) ........................................................................44

*Brady v. Maryland*,
373 U.S. 83 (1963) .....................................................................................................32

*Burgess v. State*,
816 S.W.2d 424 (Tex.Crim.App.1991) ......................................................................14

*California v. Trombetta*,
467 U.S. 479 (1984) ...................................................................................................33

*Calloway v. State*,
743 S.W.2d 645 (Tex. Crim. App. 1988) .............................................................42, 43

*Chandler v. State*,
278 S.W.3d 70 (Tex. App.—Texarkana 2009, no pet.) ..........................32, 33, 34, 35

*Cook v. State*,
902 S.W.2d 471 (Tex. Crim. App. 1995) ...................................................................10

*Cudjo v. State*,
345 S.W.3d 177 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) .......................18

*Davis v. State*,
329 S.W.3d 798 (Tex. Crim. App. 2010) .....................................................................7

*Davis v. State*,
831 S.W.2d 426 (Tex. App.—Austin 1992, pet. ref'd) ..........................................33, 35

*Degrate v. Godwin*,
84 F.3d 768 (5th Cir. 1996) .......................................................................................45

*DeGroot v. State*,
24 S.W.3d 456 (Tex. App.—Corpus Christi 2000, no pet.) .......................................... 13

*Dolph v. State*,
440 S.W.3d 898 (Tex. App.—Texarkana 2013, pet. ref'd) .......................................... 19

*Ex parte Castellano*,
863 S.W.2d 476 (Tex. Crim. App. 1993) ................................................................ 48, 50

*Ex parte Krarup*,
422 S.W.2d 173 (Tex. Crim. App. 1967), *overruled in part*,
*King v. State*, 473 S.W.2d 43 (Tex. Crim. App. 1971) ................................................ 8

*Faretta v. California*,
422 U.S. 806 (1975) ................................................................................... 13, 26, 28

*Ferguson v. State*,
335 S.W.3d 676 (Tex. App.—Houston [14th Dist.] 2011, no pet.) ........ 10, 40, 41, 47

*Foster v. State*,
101 S.W.3d 490
(Tex. App.—Houston [1st Dist.] 2002, no pet) ................. 7, 12, 22, 25, 31, 35, 37, 48

*Galloway v. State*,
578 S.W.2d 142 (Tex. Crim. App. 1979) ....................................................................... 42

*Gaston v. State*,
136 S.W.3d 315 (Tex. App.—Houston [1st Dist.] 2004, pet. struck) ........................ 26

*Geuder v. State*,
115 S.W.3d 11 (Tex. Crim. App. 2003) ....................................................................... 39

*Hampton v. State*,
86 S.W.3d 603 (Tex. Crim. App. 2002) ....................................................................... 32

*Harris v. State*,
364 S.W.3d 328 (Tex. App.—Houston [1st Dist.] 2012, no pet.) .................... 22, 23, 24

*Hicks v. State*,
508 S.W.2d 400 (Tex. Crim. App. 1974) ................................................................ 42, 43

*Higginbotham v. State*,
416 S.W.3d 921 (Tex. App.—Houston [1st Dist.] 2013, no pet.) ............................. 33

*Ho v. State*,
856 S.W.2d 495 (Tex. App.—Houston [1st Dist.] 1993, no pet.) .................... 9, 40, 46

*Johnson v State*,
257 S.W.3d 778 (Tex. App.—Texarkana 2008, pet. ref'd) .................................44, 45

*Johnson v. State*,
760 S.W.2d 277 (Tex. Crim. App. 1988) .................................................. 14

*Jordan v. State*,
56 S.W.3d 326
(Tex. App.—Houston [1st Dist.] 2001, pet. ref'd) ....................................... 41

*King v. State*,
29 S.W.3d 556 (Tex. Crim. App. 2000) ..................................................... 30

*Kinley v. State*,
16 S.W. 339 (Tex. App. 1891, no pet.) ..................................................... 9

*Lawrence v. State*,
240 S.W.3d 912 (Tex. Crim. App. 2007) .................................................. 8

*Lewis v. Casey*,
518 U.S. 343 (1996) ..................................................................44, 45

*Losada v. State*,
721 S.W.2d 305 (Tex. Crim. App. 1986) .................................................. 50

*Lovill v. State*,
319 S.W.3d 687 (Tex. Crim. App. 2009) .................................................. 11

*Lucio v. State*,
351 S.W.3d 878 (Tex. Crim. App. 2011) ........................ 6, 7, 22, 25, 31, 35, 37, 38, 48

*Luck v. State*,
588 S.W.2d 371 (Tex. Crim. App. 1979) ...............................................48, 50

*Mahaffey v. State*,
937 S.W.2d 51 (Tex. App.—Houston [1st Dist.] 1996, no pet.) ........................34, 35

*Monreal v. State*,
947 S.W.2d 559 (Tex. Crim. App. 1997) .................................................. 26

*Mooney v. Holohan*,
294 U.S. 103 (1935) ........................................................................ 48

*Moore v. State*,
999 S.W.2d 385 (Tex.Crim.App.1999) .............................. 13, 18, 23, 24, 39

*Naff v. State*,
946 S.W.2d 529 (Tex. App.—Fort Worth 1997, no pet.) ................................. 8

*Neal v. State*,
256 S.W.3d 264 (Tex. Crim. App. 2008) ................................................33, 34

*Oles v. State*,
965 S.W.2d 641 (Tex. App.—Houston [1st Dist.] 1998), *aff'd*,
993 S.W.2d 103 (Tex. Crim. App. 1999) ................................................... 36

*Perez v. State*,
261 S.W.3d 760 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd) ................26, 28

*Prihoda v. State*,
352 S.W.3d 796 (Tex. App.—San Antonio 2011, pet. ref'd) ...................................6, 7

*Resendez v. State*,
306 S.W.3d 308 (Tex. Crim. App. 2009) ........................................................ 11

*Rosales v. State*,
841 S.W.2d 368 (Tex. Crim. App. 1992) ........................................................ 38

*Rothstein v. State*,
267 S.W.3d 366 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd) ....................... 11

*Routier v. State*,
112 S.W.3d 554 (Tex. Crim. App. 2003) ........................................................ 27

*State v. Krizan-Wilson*,
354 S.W.3d 808 (Tex. Crim. App. 2011) ........................................................ 40

*State v. Moff*,
154 S.W.3d 599 (Tex. Crim. App. 2004) ........................................................ 46

*State v. Zorrilla*,
404 S.W.3d 734 (Tex. App.—San Antonio 2013, no pet.) ........................ 9, 40, 41, 46

*Tate v. State*,
120 S.W.3d 886 (Tex. App.—Fort Worth 1999, no pet.) ........................................... 42

*United States v. Bagley*,
473 U.S. 667 (1985) ................................................................................48, 50

*Valle v. State*,
109 S.W.3d 500 (Tex. Crim. App. 2003) ................................................................22, 24

*Vasquez v. State*,
67 S.W.3d 229 (Tex. Crim. App. 2002) ................................................................48, 50

*Velazquez v. State*,
222 S.W.3d 551 (Tex. App.—Houston [14th Dist.] 2007, no pet.) ........................... 22

*Watkins v. State,*
333 S.W.3d 771 (Tex. App.—Waco 2010, pet. ref'd) ................................................30, 37

*Williams v. State,*
252 S.W.3d 353 (Tex. Crim. App. 2008) ................................................................. 26

*Wilson v. State,*
71 S.W.3d 346, 349 (Tex. Crim. App. 2002) ............................................................. 36

*Winkfield v. State,*
792 S.W.2d 727 (Tex. App.—Corpus Christi 1990, pet. ref'd) ...........................23, 24

*Wisenbaker v. State,*
782 S.W.2d 534 (Tex. App.—Houston [14th Dist.] 1989. no pet.) ......................... 30

*Worton v. State,*
492 S.W.2d 519 (Tex. Crim. App. 1973) .............................................................42, 43

*Wright v. State,*
28 S.W.3d 526 (Tex. Crim. App. 2000) .................................................................. 44

*Wyatt v. State,*
23 S.W.3d 18 (Tex. Crim. App. 2000) ................................................................32, 34

## STATUTES

TEX. CODE CRIM. PROC. ANN. art. 15.04 (West 2005) ...................................................... 8

TEX. CODE CRIM. PROC. ANN. art. 15.05 (West 2005) ...................................................... 8

TEX. CODE CRIM. PROC. ANN. art. 21.01 (West 2009) ...................................................... 9

TEX. CODE CRIM. PROC. ANN. art. 21.02 (West 2009) ...................................................... 9

TEX. CODE CRIM. PROC. ANN. art. 21.20 (West 2009) ...................................................... 8

TEX. CODE CRIM. PROC. ANN. art. 21.21 (West 2009) ...................................................... 9

TEX. CODE CRIM. PROC. ANN. art. 21.22 (West 2006) .................................. 9, 40, 41, 46

TEX. CODE CRIM. PROC. ANN. art. 28.01 (West 2006) ............................................42, 43

TEX. CODE CRIM. PROC. ANN. art. 39.14(f) (West Supp. 2014) .................................... 29

TEX. CODE CRIM. PROC. ANN. Ch. 21 .............................................................10, 40, 47

TEX. GOV'T CODE ANN. § 52.046(a) (West 2005) .......................................................... 22

## RULES

Tex. R. App. P. 9.4(g) ....................................................................................... ii

Tex. R. App. P. 9.4(i). ....................................................................................... 52

Tex. R. App. P. 33.1(a) ................................................................ 11, 36, 37, 38

Tex. R. App. P. 34.6 ........................................................................................ 24

Tex. R. App. P. 34.6(e)(1) ............................................................................. 23

Tex. R. App. P. 34.6(e)(2) ............................................................................. 23

Tex. R. App. P. 34.6(f) .............................................................................. 23, 24

Tex. R. App. P. 38.1(i) ........................................... 7, 22, 25, 35, 37, 38, 48

Tex. R. App. P. 38.2(a)(1)(A) ......................................................................... ii

Tex. R. App. P. 39.1 ......................................................................................... ii

Tex. R. Evid. 103 ...................................................................................... 11, 38

## CONSTITUTIONAL PROVISIONS

Tex. Const. art. I, §10 ..................................................................................... 9

U.S. Const. amend. VI ............................................................................... 13, 26

**TO THE HONORABLE COURT OF APPEALS:**

## STATEMENT OF THE CASE

Appellant was charged with evading arrest in a motor vehicle and aggravated assault with a deadly weapon in cause numbers 1356098 and 1356099 (1356098 CR at 9; 1356099 CR at 10).[1] He entered pleas of not guilty, and a consolidated jury trial was held to determine guilt (1356098 CR at 206; 1356099 CR at 267; 2 RR at 79-80). The jury found appellant guilty (1356098 CR at 194, 206; 1356099 CR at 255, 267; 4 RR at 138). Per the jury's determination, the court sentenced appellant to fifty years confinement in the Institutional Division of the Texas Department of Criminal Justice for the evading charge and confinement for life in the Institutional Division of the Texas Department of Criminal Justice for the aggravated assault charge (1356098 CR at 202, 206; 1356099 CR at 263, 267; 5 RR at 36). The court certified appellant's right to appeal, and appellant filed a timely notice of appeal (1356098 CR at 210, 211-12; 1356099 CR at 271, 272-73).

## STATEMENT OF FACTS

On the night of December 29, 2011, Jose Bribiescas was celebrating his fortieth birthday with his friends at Merinos Sports Bar (2 RR at 112, 113, 131; 4 RR at 24). Appellant approached one of Jose's friends, Claudia Atencio, and asked her if he

---

[1] For clarity, the State will use the corresponding cause number in the citation to the clerk's record and supplemental clerk's record. Several reporter's records were filed in appellant's case, and the State will refer to the record of the pretrial hearings as "1 Pretrial RR" and "2 Pretrial RR" while the reporter's record at trial will be referred to as "1 RR," etc.

1

could buy her a drink (2 RR at 132). Claudia refused appellant's offer, so appellant accosted Jose's friend, Larry Hernandez, who had come the Merinos with Claudia, demanding to know if Claudia was Larry's girlfriend (2 RR at 132; 4 RR at 26-27, 62). Jose intervened as appellant became aggressive and took a swing at Jose (2 RR at 87, 113, 132-33; 4 RR at 27). After a scuffle, their fight was broken up, and Pedro Padron instructed appellant and Jose to leave (2 RR at 88; 4 RR at 8, 27).

Appellant left the bar first, but he returned a short time later (2 RR at 90, 115, 136; 4 RR at 31, 32). Appellant found Jose still at the bar and pointed a gun at him (2 RR at 116, 137; 4 RR at 33, 35). Before Jose could react, appellant shot Jose once in the chest, inches away from his heart (4 RR at 35, 38, 40).

At the sound of gunfire, the bar erupted in chaos (4 RR at 37). Jose, while still conscious, could not breathe as the bullet punctured his lung (4 RR at 39-40, 41). Afraid appellant would see that he was still alive, Jose's friends pulled him by a pool table in the cover of the melee (4 RR at 39-40). There, Jose passed out (3 RR at 13; 4 RR at 39-40).

Appellant left the bar in a white truck that was missing a tailgate (2 RR at 96, 121; 3 RR at 35, 43). Corporal Moses Davila was dispatched to the scene and was searching for the suspect's vehicle when he came across a truck matching the description (3 RR at 34, 35, 36, 43). He followed the truck until backup arrived and then attempted to stop the vehicle (3 RR at 38, 39, 92). Instead of stopping when the lights and sirens on several police cars were activated, appellant, who was driving the

2

white truck, accelerated and lead the officers on a high speed chase (3 RR at 42, 44, 58-59, 92, 93, 97). Appellant crashed while trying to turn at a high rate of speed, but that did not stop the chase (3 RR at 46, 94). Realizing that the truck was disabled, appellant jumped out of the vehicle and continued to flee on foot until he was apprehended by the pursuing officers (3 RR at 51-55, 94-95).

Officers searched appellant's truck and found the gun he used to shoot Jose (3 RR at 58, 75-76; 4 RR at 36; State's Ex. 27). Appellant was brought back to Merinos where several witnesses identified him as Jose's shooter (2 RR at 98-99, 123, 141-42; 3 RR at 17).

Upon appellant's arrest, the trial court appointed appellant counsel to represent him (1356098 CR at 13; 1356099 CR at 15). Before the cases proceeded to trial, the State re-indicted both charges (1356098 CR at 9, 15, 60; 1356099 CR at 10, 22, 102). Before the commencement of his consolidated trial, appellant requested that the trial court allow him to represent himself (1356098 CR at 95; 1356099 CR at 153; 1 Pretrial RR at 5). The trial court inquired into appellant's background, education, and experience and informed him of the dangers and disadvantages of representing himself at a pretrial hearing before finding that appellant understood the implications and dangers of self-representation (1 Pretrial RR at 5-15). Appellant persisted in his desire to represent himself, so the trial court granted his request to waive his right to appointed counsel and assert his right to self-representation (1 Pretrial RR at 15).

3

## SUMMARY OF THE ARGUMENTS

The indictments in appellant's cases properly bestowed the trial court with jurisdiction over his offenses of aggravated assault and evading arrest despite appellant's arguments that the complaints in his cases were in invalid. Also, appellant failed to preserve the separation of powers argument that he raises for the first time on appeal.

Appellant knowingly, intelligently, and voluntarily waived his right to counsel and invoked his right to represent himself after the trial court properly inquired into his background and admonished him regarding the dangers and disadvantages of self-representation.

Appellant failed to timely raise his complaints about the reporter's record in his case and thus waived his arguments regarding the record.

Appellant waived his right to claim that his court-appointed attorney provided ineffective assistance of counsel when he chose to waive his right to counsel and represent himself, and even if appellant could raise an ineffective assistance of counsel claim, he failed to show that his appointed counsel had an actual conflict of interest with the State.

Appellant has not met his burden of showing that his due process rights were violated by the State's failure to copy video evidence from Merinos because appellant did not show that the video was material, exculpatory, or lost in bad faith.

4

Appellant failed to preserve his complaint that the State tampered with evidence when the copy of State's Exhibit 17 that was filed in the clerk's record before trial and the copy of State's Exhibit 17 that was admitted at trial were recorded on different brands of CDs by failing to object at trial.

Appellant failed to preserve and adequately brief his argument questioning the trial court's impartiality. Appellant never objected to the trial court's actions of preserving appellant's initial request for appointed counsel when the charges against him were re-indicted.

Appellant failed to adequately brief and failed to preserve his argument that the trial court erred when it did not issue written rulings on all motions filed by appellant.

The trial court did not abuse its discretion when it denied appellant's motion to dismiss his evading arrest charge on the basis that no complaint was filed in his case because not complaint was needed.

The trial court did not abuse its discretion in denying appellant's motions to quash the enhancement paragraphs in his indictments without first holding a hearing because appellant did not meet his burden of collaterally attacking his prior convictions.

The trial court did not abuse its discretion when it denied appellant's request for extra access to the law library because appellant had no right for extra library time.

The trial court did not abuse its discretion in denying appellant's motions to set aside appellant's indictments because the legal argument appellant presented attacking

5

the validity of the complaints filed in his cases was insufficient to set aside the re-indicted charging instruments.

Appellant's due process rights were not violated by the admission of perjured testimony at trial when Jose's testimony of his medical condition and care differed from the medical records introduced at trial because his testimony was not perjurious.

## REPLY TO APPELLANT'S FIRST POINT OF ERROR

**I.    The indictments in appellant's cases properly bestowed the trial court with jurisdiction over his offenses of aggravated assault with a deadly weapon and evading arrest despite appellant's arguments that the complaints in his cases were in invalid.**

In his first point of error, appellant presents this Court with a multifarious, inadequately briefed argument alleging multiple violations to his federal and state constitutional rights by the complaints in his cases.[2]  First, appellant alleges that his convictions are void because the charging instruments in his case did not bestow the trial court with jurisdiction as the complaints in both cases fulfilled the statutory requisites of an "information" rather than a "complaint" without providing citations for any of his constitutional claims; he does adequately cite to state law relevant to his

---

[2] Points of error are multifarious when they are based on more than one legal theory and raise more than one complaint. *Prihoda v. State*, 352 S.W.3d 796, 801 (Tex. App.—San Antonio 2011, pet. ref'd) (holding that that appellate courts may refuse to address multifarious points because they present nothing for review).  An argument is inadequately briefed when it does not contain citations to authority supporting the assertions in the point of error. TEX. R. APP. P. 38.1(i); *Lucio v. State*, 351 S.W.3d 878, 896-97 (Tex. Crim. App. 2011).  While appellant does not distinguish his points of error within his brief, the State looks to the "Issues Presented" portion of his brief to determine the arguments included in his fourteen points of error.  Appellant's Br. 4-6.

6

statutory claims.[3]   *See* TEX. R. APP. P. 38.1(i); *Lucio v. State*, 351 S.W.3d 878, 896-97 (Tex. Crim. App. 2011) (holding that an argument that is inadequately briefed presents nothing for review).   Next, appellant argues that the form of the complaints in his case violated the separation of powers doctrine.

As multiple courts of appeals have held that when a point of error on appeal raises more than one legal theory and raises more than one complaint, nothing is presented for review, this Court can refuse to address appellant's multifarious point of error.  *See Davis v. State,* 329 S.W.3d 798, 803 (Tex.Crim.App. 2010); *Prihoda v. State,* 352 S.W.3d 796, 801 (Tex. App.—San Antonio 2011, pet. ref'd); *Foster v. State*, 101 S.W.3d 490, 499 (Tex. App.—Houston [1st Dist.] 2002, no pet). However, should this Court chose to address the adequately briefed portions of appellant's multifarious first point of error, this Court should overrule appellant's arguments as meritless.

### a. The indictments issued by the grand jury provided the trial court with jurisdiction over appellant's offenses.

In the first part of appellant's point of error, he attacks the validity of his convictions by alleging that the trial court lacked jurisdiction over his cases because the complaints were in the form of "informations" rather than "complaints." Appellant filed motions to quash the indictments on this basis which the trial court denied (1356098 CR at 173-75; 1356099 CR at 231-33).  To preserve appellant's point

---

[3] Appellant brings similar arguments in his ninth and twelfth points of error.

7

of error, the State construes appellant's first argument as a complaint against the trial court's denying his motion to quash on the grounds alleged in his first point of error.

### *Standard of Review*

Appellate courts review a trial court's decision to deny a motion to quash an indictment de novo. *Lawrence v. State*, 240 S.W.3d 912, 915 (Tex.Crim.App. 2007).

### *Applicable Law*

According to the Texas Code of Criminal Procedure article 15.04, a "complaint" is an affidavit made before a magistrate or district attorney that charges to commission of an offense and informs the accused of the alleged offense. TEX. CODE CRIM. PROC. ANN. art. 15.04 (West 2005); *Naff v. State*, 946 S.W.2d 529, 531 (Tex. App.—Fort Worth 1997, no pet.). To be sufficient, a complaint must state the name of the accused, show that the affiant has good reason to believe that the accused has committed some offense against the laws of the State, give the time and place of the commission of the offense, and be signed by the affiant. TEX. CODE CRIM. PROC. ANN. art. 15.05 (West 2005).

By contrast, an "information" is a written statement filed and presented on behalf of the State charging a defendant with an offense that may be prosecuted by law. TEX. CODE CRIM. PROC. ANN. art. 21.20 (West 2009). Only misdemeanor offenses may be prosecuted by an information in Texas. *Ex parte Krarup*, 422 S.W.2d 173, 174 (Tex. Crim. App. 1967), *overruled in part*, *King v. State*, 473 S.W.2d 43 (Tex. Crim. App. 1971). To be sufficient, an information must begin with the phrase, "In

8

the name and by authority of the State of Texas," appear to have been presented in a court having jurisdiction over the offense alleged, appear to have been presented by the proper officer, contain the name of the accused, appear that the place the offense occurred is within the jurisdiction of the court where the information if filed, mention a date before the filing of the information and alleged an offense not barred by limitations, set forth the offense in plain and intelligible words, conclude "Against the peace and dignity of the State," and be signed by the district or county attorney." TEX. CODE CRIM. PROC. ANN. art. 21.21 (West 2009). Additionally, a valid complaint is a prerequisite to a valid information. TEX. CODE CRIM. PROC. ANN. art. 21.22 (West 2006); *State v. Zorrilla*, 404 S.W.3d 734, 735 (Tex. App.—San Antonio 2013, no pet.); *Ho v. State*, 856 S.W.2d 495, 497 (Tex. App.—Houston [1st Dist.] 1993, no pet.).

For a felony offense to be prosecuted, an indictment must be issued by a grand jury accusing the defendant of an offense. TEX. CONST. art. I, §10; TEX. CODE CRIM. PROC. ANN. art. 21.01 (West 2009); *see Kinley v. State*, 16 S.W. 339, 339 (Tex. App. 1891, no pet.) ("Informations cannot be used to bring before the court a party charged with a felony for the purpose of finally trying him. It is only misdemeanors that can be presented by information."). To be sufficient, an indictment must have the same requirements as an information but also must appear to be presented to the grand jury of the district court and be signed by the grand jury. TEX. CODE CRIM. PROC. ANN. art. 21.02 (West 2009). A compliant is not required for a grand jury to indict a defendant on felony charges as it is required in order for the State to proceed

9

on a misdemeanor information. TEX. CODE CRIM. PROC. ANN. Ch. 21; *Ferguson v. State*, 335 S.W.3d 676, 681-82 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

### *Analysis*

The trial court did not err when it denied appellant's motions to quash because the appellant's argument against the form of the complaints is misplaced. Indictments alone were needed to bestow the trial court with jurisdiction over his offenses. *See Cook v. State*, 902 S.W.2d 471, 475 (Tex.Crim.App. 1995) (noting that an indictment vests a trial court with jurisdiction over a felony offense). The complaints appellant complains about did not affect whether the trial court had jurisdiction because complaints are not required for a grand jury to indict a defendant on felony charges. TEX. CODE CRIM. PROC. ANN. Ch. 21; *Cook*, 902 S.W.2d at 475; *Ferguson*, 335 S.W.3d at 681-82. Thus, the trial court did not err when it overruled appellant's motion to quash the indictments on this ground.

### b. Appellant failed to raise his separation of powers argument at trial, thus waiving this argument on appeal.

The second argument appellant makes regarding the complaints' forms alleges that the separation of powers doctrine was violated. Appellant claims that since the State ignored the requisites of a complaint as set out by article 15.05, it effectively created its own statute and usurped the power of the legislature. Appellant's Br. 9. Appellant raises this argument for the first time on appeal. Because appellant did not advance this argument at trial, appellant has failed to preserve it for appellant review.

10

### Applicable Law

"[A] complaint is not preserved for appeal unless it was made to the trial court 'by a timely request, objection or motion' that 'stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context.'" *Resendez v. State*, 306 S.W.3d 308, 312 (Tex.Crim.App. 2009) (quoting TEX. R. APP. P. 33.1(a)); *see* TEX. R. EVID. 103. To preserve error, a party timely and specifically inform the trial court of his objection "when the trial court is in a proper position to do something about it.'" *Resendez*, 306 S.W.3d at 313 (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex.Crim.App. 1992)). A reviewing court will not consider errors, even of constitutional magnitude, not called to the trial court's attention. *Lovill v. State*, 319 S.W.3d 687, 691–92 (Tex. Crim. App. 2009); *Rothstein v. State*, 267 S.W.3d 366, 373 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd).

### Analysis

Appellant waived appellate review of his separation of powers argument because he failed to raise it to the trial court. *Resendez*, 306 S.W.3d at 312; TEX. R. APP. P. 33.1(a); TEX. R. EVID. 103. While appellant file multiple motions contesting the validity of the charging instruments filed in his case, the State cannot find one raising this argument despite scouring the record. Because appellant did not inform the trial court of his separation of powers argument, he failed to preserve it. Thus,

this Court, if it should choose to address appellant's multifarious point of error, should overrule appellant's separation of powers argument.

## REPLY TO APPELLANT'S SECOND AND FOURTEENTH POINTS OF ERROR[4]

**II.    Appellant properly waived his right to counsel and invoked his right to represent himself.**

Next, appellant presents another multifarious argument alleging violations of multiple federal and state constitutional rights involved in his self-representation at trial. *Foster*, 101 S.W.3d at 499. Within this argument, appellant advances two main claims regarding his right to counsel.  Appellant first argues that he did not properly waive his right to counsel in regards to cause number 1356098 because he lacked notice that he would be representing himself on the evading arrest charge. Appellant's Br. 10.  Secondly, appellant argues that his right to self-representation was not knowingly, intelligently, or voluntarily made on both cause numbers because the trial court did not provide proper *Faretta* warnings.  Appellant's Br. 10.  Appellant makes a similar argument in his fourteenth point of error alleging that the trial court abused its discretion when found that appellant knowingly and intelligently waived his right to counsel after being informed of the charges against him and the dangers and disadvantages of representing himself.  Appellant's Br. 17-18.  The State will address

---

[4] Appellant rehashes the arguments made in his second point of error in his fourteenth by alleging that the trial court abused its discretion by failing to inform appellant that he was facing trial on cause number 1356098 as well as cause number 1356099.  Because appellant's arguments are nearly identical, the State briefs appellant's second and fourteenth points of error together.

appellant's claims that he did not knowingly, intelligently, and voluntarily waive his right to counsel and chose to represent himself after being aware of the dangers and disadvantages of representing himself before responding to appellant's argument regarding his apprehension of the nature of the charges against him.

## Standard of Review

Appellate courts review whether a defendant invocation of his right to self-representation for an abuse of discretion. *DeGroot v. State,* 24 S.W.3d 456, 457-58 (Tex. App.—Corpus Christi 2000, no pet.).

## Applicable Law

The Sixth Amendment of the United States Constitution guarantees both the right to counsel and the corresponding right to self-representation. *See* U.S. CONST. amend. VI; *Faretta v. California*, 422 U.S. 806, 819 (1975). A defendant making the choice to waive counsel and represent himself must chose knowingly, intelligently, and voluntarily. *Faretta*, 422 U.S. at 835; *Moore v. State*, 999 S.W.2d 385, 396 (Tex.Crim.App.1999).

A defendant knowingly, intelligently, or voluntarily decides to waive his right to counsel and represent himself if he makes the decision with a full understanding of the right to counsel, which is being abandoned, as well as the dangers and disadvantages of self-representation. *Moore*, 999 S.W.2d at 396 n. 5. The defendant should be aware that he will not be granted any special consideration because of his self-representation and will be held to the technical and procedural rules like an

13

attorney. *Johnson v. State*, 760 S.W.2d 277, 278 (Tex.Crim.App.1988). The trial court, however, does not need to follow a formulaic questioning or particular script in ascertaining the knowing, intelligent, and voluntary nature of an accused's waiver of counsel, and a written waiver of the right to counsel is not required. *See Burgess v. State*, 816 S.W.2d 424, 428-29 (Tex.Crim.App.1991).

a. **Appellant knowingly, intelligently, and voluntarily invoked his right to self-representation and waived his right to counsel after the trial court properly inquired into his decision.**

Appellant's claims that he did not knowingly, intelligently, and voluntarily invoke his right to self-representation is meritless because the record shows that the trial court properly questioned appellant about his decision and ability to represent himself during a pretrial hearing, warned him of the dangers of representing himself, and inquired into the voluntariness of appellant's decision (1 Pretrial RR). Thus, the trial court did not allow appellant to represent himself without insuring that appellant was properly warned and knowingly, intelligently, and voluntarily invoked that right while waiving his right to counsel.

At the hearing, the trial court inquired into appellant's background, education, age and experience:

> **Court**: Now, it's my understanding -- you correct me if I'm wrong -- that you wish to represent yourself in this matter.
> **Appellant**: Yes, sir.
> **Court**: All right. Listen to me carefully, and answer these questions to the best of your ability. Is that your full, true, and correct name is Samuel Espinoza Rodriguez?

14

**Appellant**: Yes, sir.

**Court**: How old are you, Mr. Rodriguez?

**Appellant**: Forty-eight.

**Court**: Where were you born?

**Appellant**: June 10th, '64.

**Court**: No. Where were you born?

**Appellant**: Oh. In Lubbock, Texas.

**Court**: And do you read and write the English language?

**Appellant**: Yes, sir.

**Court**: Don't be offended by these questions. Everyone is asked the same type of questions who desire to represent themselves.

**Appellant**: Yes, sir.

**Court**: Because the Court has to make a determination of whether or not you are fully aware of all the dangers and disadvantages plus the risks of representing yourself.

**Appellant**: Yes.

**Court**: Do you have any learning disabilities or communication handicaps?

**Appellant**: No, sir.

**Court**: No hearing problems, things of that nature. Okay. Have you ever been declared mentally incompetent or treated for any mental health disorder?

**Appellant**: No, sir.

**Court**: Tell me your educational background. How far did you go in school?

**Appellant**: I got a G.E.D.

**Court**: You have a G.E.D.

**Appellant**: Yes, sir.

**Court**: All right. And when was that?

**Appellant**: '84.

**Court**: '84. Do you have any legal training or education or experience?

**Appellant**: I've argued a case in the United States Supreme Court, but that was -- *(inaudible)*

**Court Reporter**: I didn't hear what he said. But that was?

**Court**: He's argued a case before -- he said the Supreme Court of the United --

**Appellant**: They accepted my case.

**Court**: Okay. Supreme Court of the United States?

**Appellant**: Yes, sir.

**Court**: All right. Fine. But you do realize that's not the same thing as a trial? That was an appeal. There's different rules, regulations, and law.

**Appellant**: Yes, sir.

**Court**: But that's fine. That's what I needed to know. With regard to any other prior legal proceedings, do you have any experience representing yourself in those?

**Appellant**: No, sir. (1 Pretrial RR at 5-8).

The trial court also informed appellant of the dangers and disadvantages of representing himself:

> **Court**: And because you've indicated to me that you want to represent yourself, then you've waived your right for a Court-appointed counsel. Now, you realize that you will not be able to claim ineffective assistance of counsel at a later time if you are unsuccessful at trial. In other words, you won't be able to claim that any attorney that you had prior to representing yourself was ineffective. […] I want to make sure you understand you won't be able to claim ineffective assistance on the part of any lawyers you've had in the past on this case. Do you understand?
>
> **Appellant**: Yes, sir.
>
> **Court**: Okay. All right. And since you have elected to proceed pro se, if you do, you must comply with the same technical rules of evidence and any appellate procedures as an attorney as it goes forward. Do you understand?
>
> **Appellant**: Yes, sir.
>
> **Court**: Okay. And unfortunately the Court will not be able to grant you any special consideration because of your lack of formal legal -- formal, I say, legal training. And I want you to be aware that because of that lack of formal legal training you may fail to properly raise the right grounds of error in the event and only in the event that you've been found guilty you could waive those errors. You understand that?
>
> **Appellant**: Yes, sir.
>
> **Court**: If you don't make the proper objections. Are you familiar with the Texas Penal Code?
>
> **Appellant**: Enough where I can -- learned enough, yes, sir.
>
> **Court**: And, likewise, the Texas Code of Criminal Procedure?

**Appellant**: Yes, sir.

**Court**: You realize the Texas Penal Code, that's the laws?

**Appellant**: Yes, sir.

**Court**: And the Code of Criminal Procedure is the mechanism that all lawyers have to use as a procedure that trial goes by?

**Appellant**: Yes, sir. […]

**Court**: Okay. And, so, you are aware, then, of the dangers and disadvantages of this self-representation?

**Appellant**: Yes, sir.

**Court**: Okay. Knowing that you are untrained and without prior legal experience and not familiar with the rules of evidence and procedure, do you waive the right to effective assistance of counsel? You have to because you won't have anybody to blame. Do you see what I'm saying?

**Appellant**: Yes, sir.

**Court**: All right. Likewise, like any attorney, if you represent yourself, you'll not be permitted to obstruct the orderly procedure of the court trial as that would be considered an interference with the fair administration of justice (1 Pretrial RR at 11-14). *See Johnson v. State*, 760 S.W.2d at 278.

Finally, the court inquired into whether appellant was voluntarily invoking his right to represent himself:

**Court**: Okay. And you're doing this of your own? You're doing it voluntarily --

**Appellant**: Yes, sir. Voluntarily.

**Court**: -- and knowingly? You appear to be intelligent, so I'm going to say it's intelligently done.

**Appellant**: Yes, sir.

**Court**: Okay. And, so, you are aware, then, of the dangers and disadvantages of this self-representation?

**Appellant**: Yes, sir.

**Court**: Okay. Knowing that you are untrained and without prior legal experience and not familiar with the rules of evidence and procedure, do

17

you waive the right to effective assistance of counsel? You have to because you won't have anybody to blame. Do you see what I'm saying? **Appellant**: Yes, sir (1 Pretrial RR at 14).

As the record shows, the trial court conducted a proper inquiry into appellant's background, age, education, and experience, warned appellant that he would be held to the same standard as an attorney and would have to face the consequences of failing to make proper objections, ensured that appellant was aware that he was waiving both is right to counsel and his right to advance an ineffective assistance of counsel claim, and confirmed that appellant voluntarily invoked his right to self-representation and waived his right to counsel; thus, appellant knowingly, intelligently, and voluntarily decided to represent himself after receive the proper warnings from the trial court. *Moore*, 999 S.W.2d at 396 n. 5; *see Cudjo v. State*, 345 S.W.3d 177, 184-85 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (holding that the record showed that Cudjo properly waived his right to counsel and invoked his right to represent himself). As such, this Court should overrule appellant's point of error on this ground.

   **b. The record shows that appellant knew that he faced the evading arrest charge as well as the aggravated assault charge at trial when he waived his right to counsel and chose to represent himself at trial.**

   Appellant also argues in his second point of error that he did not waive his right to counsel and invoke his right to represent himself for his evading arrest charge because at the hearing, the trial court told him that he only faced the charges

contained in cause number 1356099, the aggravated assault charge (1 Pretrial RR at 8-9). Appellant argues that he did not have a proper apprehension of the nature of the charges against him and thus did not waive his right to counsel on cause number 1356098, the evading arrest with a motor vehicle charge. However, the record establishes that appellant was indeed aware that he faced the evading arrest charge as well as the aggravated assault charges. Thus, appellant did not fail to waive his right to counsel and invoke his right to represent himself for both offenses.

## Applicable Law

To be valid, a defendant's waiver of counsel and decision to represent himself must be made with an apprehension of the nature of the charges. *Blankenship v. State*, 673 S.W.2d 578, 583 (Tex. Crim. App. 1984); *Dolph v. State*, 440 S.W.3d 898, 905 (Tex. App.—Texarkana 2013, pet. ref'd).

## Analysis

Despite appellant's claims that he did not waive his right to counsel and invoke his right to self-representation for his evading arrest charge, the record establishes that appellant had notice that he would also face the charge of evading arrest when he chose to represent himself at trial.

The record shows that even though the trial court informed appellant that he would represent himself on cause number 1356099 at the pretrial hearing on February 4, 2013, cause number 1356099 included two paragraphs alleging the offense of aggravated assault with a deadly weapon and alleging the offense of evading arrest in a

19

motor vehicle (1356099 CR at 10; 1 Pretrial RR at 8-9). As of the pretrial hearing, the first paragraph of cause number 1356099 alleged that appellant "unlawfully, intentionally and knowingly caused bodily injury to JOSE ALBERTO BRIBIESCAS, hereinafter called the Complainant, by SHOOTING THE COMPLAINANT WITH A FIREARM," while the second paragraph, which the State abandoned on May 15, 2013, alleged that appellant "intentionally fled from M. DAVILA, hereafter styled the Complainant, a peace officer, employed by HARRIS COUNTY CONSTABLE'S OFFICE PRECINT 6, lawfully attempting to detain the Defendant, and the Defendant knew that the Complainant was a peace officer attempting to detain the Defendant, and the Defendant used a MOTOR VEHICLE while he was in flight" (1356099 CR at 10). This second paragraph of cause number 1356099 tracked the exact language that also appeared on cause number 1356098 (1356098 CR at 9; 1356099 CR at 10). The trial court gave appellant a copy of the indictment, and from the face of cause number 1356099, appellant was aware that he faced both the aggravated assault and the evading arrest charges when he waived his right to counsel and invoked his right to represent himself (1356099 CR at 10; 1 Pretrial RR at 10).

Additionally, the record shows that appellant was aware that he was representing himself on both the aggravated assault charge as well as the evading arrest charge because every motion that appellant filed with the court on his own behalf after being allowed to represent himself included both cause numbers (1356098 RR at 124, 127-29, 131, 134035, 136-37, 142-43, 144-45, 147-4, 150-52, 153-55, 156-

20

58, 160-61, 162-63, 164-65, 167-68, 169-70, 171, 173-75, 178-80, 181-82, 184-85). Appellant even filed a motion objecting to the consolidation of the offense that he withdrew before trial (1356098 RR at 171).[5] Given the voluminous filings indicating that appellant was aware that he was representing himself for both offenses, appellant made the decision to waive his court-appointed counsel and to represent himself with the proper apprehension of the nature of the charges against him.

Because the face of the indictment in cause number 1356099 included both the offenses of aggravated assault with a deadly weapon and evading arrest with a motor vehicle when appellant chose to represent himself and because appellant's filings indicate that appellant knew that he faced both charges when representing himself at trial, appellant's rights were not violated by his apprehension of the charges against him when he waived his right to counsel and chose to represent himself. As such, this Court should overrule his argument on this ground.

## REPLY TO APPELLANT'S THIRD POINT OF ERROR

III. **Appellant failed to timely raise his complaints about the reporter's record in his case and thus waived his arguments regarding the record on appeal.**

In his next point of error, appellant again alleges that multiple of his federal and state constitutional rights were violated by the court reporter failing to comply with her official duties as a court reporter by proffering an incomplete record that is

---

[5] Additionally, at the hearing in which appellant chose to waive his right to counsel and invoke his right to represent himself, appellant turned down the State's plea deal which would have given him forty years on both charges (1 Pretrial RR at 34).

21

missing bench conferences, contains typographical errors, and has "unclear notations." Appellant's Br. 11. Appellant also relies on Texas statutory law in his brief for his argument that the court reporter failed to comply with her official duties. Appellant's Br. 11. While appellant clearly cites to applicable statutory law, his federal and state constitutional allegations are multifarious and inadequately briefed. TEX. R. APP. P. 38.1(i); *Lucio*, 351 S.W.3d at 896-97; *Foster*, 101 S.W.3d at 499. Should this Court decide to address appellant's point of error on the merits, it should limit its review to the arguments that appellant properly briefed and should hold that appellant failed to preserve his arguments regarding the record on appeal because appellant failed to properly object to the record on appeal.

### *Applicable Law*

Texas Government Code section 52.046 requires an official court reporter to attend all sessions of court and furnish a transcript of the reported evidence or other proceedings when requested by a party. TEX. GOV'T CODE ANN. § 52.046(a) (West 2005). However, a defendant must object to the court reporter's failure to record a portion of the trial proceedings to preserve error. *Valle v. State*, 109 S.W.3d 500, 508–09 (Tex. Crim. App. 2003); *Harris v. State*, 364 S.W.3d 328, 338 (Tex. App.—Houston [1st Dist.] 2012, no pet.); *see Velazquez v. State*, 222 S.W.3d 551, 556–57 (Tex. App.—Houston [14th Dist.] 2007, no pet.). Even if the trial court grants a motion for the court reporter to record the proceedings at trial, reviewing courts treat such a motion

similarly to a motion in limine and requires that the party preserve error. *Harris*, 364 S.W.3d at 338; *see Moore v. State*, 999 S.W.2d 385, 398 (Tex. Crim. App. 1999).

When the record is created for an appeal, the Rules of Appellate Procedure allow the parties to agree to correct inaccuracies in the record if such inaccuracies are discovered. TEX. R. APP. P. 34.6(e)(1). However, to preserve error regarding the record submitted on appeal, the Court of Criminal Appeals requires that an appellant make the necessary inspection of the record after it is completed so he may object to the record and make sure that the necessary and relevant materials are included. *See Winkfield v. State*, 792 S.W.2d 727, 729 (Tex. App.—Corpus Christi 1990, pet. ref'd). If the parties cannot agree how to correct the reporter's record, the trial court must settle the dispute after notice and hearing. Tex. R. App. P. 34.6(e)(2). In instances where the reporter's record is lost or destroyed, an appellant is entitled to a new trial only if he has timely requested a reporter's record, a significant portion of the court reporter's notes and records has been lost or destroyed through no fault of appellant, the portion of the record that is lost or destroyed is necessary to the resolution of appellant's appeal, and the lost or destroyed portion of the record cannot be replaced by agreement of the parties. Tex. R. App. P. 34.6(f).

### Analysis

Appellant waived the arguments he presents in his third point of error because he failed to timely and properly object to the reporter's record presented on appeal. *Winkfield*, 792 S.W.2d at 729.

While appellant contends that the court reporter failed in her duty after the trial court granted his motion for the court reporter to record all proceedings, appellant did not preserve error by objecting to the reporter's failure to record bench conferences at trial (1356098 CR at 136-38; 1356099 CR at 194-96). Appellant's Br. 11; *see Valle*, 109 S.W.3d at 508–09; *Harris*, 364 S.W.3d at 338. As reviewing courts treat a motion to record bench conferences similar to the way they treat motions in limine, appellant had the burden to object when the court reporter did not record bench conferences. *Moore*, 999 S.W.2d at 398. Thus, appellant failed to preserve error for his argument that the trial court should have recorded bench conferences.

In regards to his contention that the record is inadequate because of typographical errors, appellant also waived this argument by failing to alert this Court to his objections so that the necessary steps could be taken under the Rules of Appellate Procedure to correct the record. Tex. R. App. P. 34.6; *Winkfield*, 792 S.W.2d at 729. Appellant has slept on his right to correct the record. Thus, this Court should overrule his third point of error.[6]

---

[6] Furthermore, appellant advances no argument for how the typographical errors and omissions in reporter's record would affect the resolution of his appeal. *See* Tex. R. App. P. 34.6(f). Thus, he shows no harm from his objections to the record that he failed to preserve.

## REPLY TO APPELLANT'S FOURTH POINT OF ERROR

**IV.** **Appellant waived his right to claim that his court-appointed attorney provided ineffective assistance of counsel because she had a conflict of interest when he waived his Sixth Amendment right to counsel and chose to represent himself.**

Like his previous points of error, appellant again presents another multifarious, inadequately briefed argument claiming multiple federal and state constitutional violations regarding his right to conflict-free representation. TEX. R. APP. P. 38.1(i); *Lucio*, 351 S.W.3d at 896-97; *Foster*, 101 S.W.3d at 499. Appellant's most cogent and adequately briefed argument focuses on his Sixth Amendment right to conflict-free representation.[7] However, in making this argument, appellant ignores that he waived his right to raise an ineffective assistance of counsel claim when he chose to waive his right to counsel and represent himself. Appellant's argument also fails on the merits because he does not point to anything in the record that shows that his appointed counsel had an actual conflict of interest. As such, this Court should overrule appellant's fourth point of error.

---

[7] Appellant advances conclusory arguments alleging violations to his federal Fifth, Sixth, and Fourteenth Amendments as well as to his due course of law rights under article I, sections nineteen and ten of the Texas Constitution without citation to authority or specific arguments for these claims. Appellant's Br. 12. As appellant fails to include any citations to support his arguments, his point of error is inadequately briefed as well as multifarious, and the State will only address appellant's argument on the grounds which are adequately briefed. TEX. R. APP. P. 38.1(i); *Lucio*, 351 S.W.3d at 896-97; *Foster*, 101 S.W.3d at 499.

## *Applicable Law*

The Sixth Amendment encompasses both the right to counsel and the reciprocal right to self-representation. U.S. CONST. amend. VI; *Williams v. State*, 252 S.W.3d 353, 355-56 (Tex. Crim. App. 2008); *Monreal v. State*, 947 S.W.2d 559, 564 (Tex. Crim. App. 1997). When an accused asserts his right to counsel, the Sixth Amendment also guarantees the right to reasonably effective assistance of counsel. *Monreal*, 947 S.W.2d at 564 (citing *Strickland v. Washington*, 466 U.S. 668, 686, (1984)). However, if the accused invokes his right to represent himself, courts do not consider any subsequent claim of ineffective assistance of counsel. *Faretta*, 422 U.S. at 834 n.46; *Perez v. State,* 261 S.W.3d 760, 766 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd).

Ineffective assistance of counsel may result when an attorney labors under a conflict of interest. *Monreal*, 947 S.W.2d at 564; *Gaston v. State*, 136 S.W.3d 315, 318 (Tex. App.—Houston [1st Dist.] 2004, pet. struck). A defendant can demonstrate a violation of his right to reasonably effective assistance of counsel if he can show that his counsel was burdened by an actual conflict of interest and that the conflict had an adverse effect on specific instances of counsel's performance. *Monreal*, 947 S.W.2d at 564; *Gaston*, 136 S.W.3d at 318.

An actual conflict exists if counsel is required to make a choice between advancing her client's interest in a fair trial or advancing other interests to the detriment of her client's interest. *Monreal*, 947 S.W.2d at 564; *Gaston*, 136 S.W.3d at

26

318. "[A] potential conflict may become an actual conflict, but [an appellate court need not] speculate about a strategy an attorney might have pursued ... in the absence of some showing that the potential conflict became an actual conflict." *Routier v. State*, 112 S.W.3d 554, 585 (Tex. Crim. App. 2003). "[U]ntil a defendant shows that his counsel *actively represented conflicting interests,* he has not established the constitutional predicate for his claim of ineffective assistance." *Acosta v. State*, 233 S.W.3d 349, 355 (Tex. Crim. App. 2007) (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 349–50 (2003)).

### *Analysis*

#### a. Appellant waived his right to counsel and thus waived his right to effective assistance of counsel.

At trial, appellant waived his right to counsel and invoked his right to represent himself. Before appellant waived his right to counsel, the trial court warned him that he was also waiving his right to raise a claim of ineffective assistance of counsel before allowing appellant to represent himself: "And because you've indicated to me that you want to represent yourself, then you've waived your right for a Court-appointed counsel. Now, you realize that you will not be able to claim ineffective assistance of counsel at a later time if you are unsuccessful at trial. In other words, you won't be able to claim that any attorney that you had prior to representing yourself was ineffective. […] I want to make sure you understand you won't be able to claim ineffective assistance on the part of any lawyers you've had in the past on this case.

27

Do you understand?" (1 Pretrial RR at 11-12). Appellant informed the court that he understood (1 Pretrial RR at 12).

Because appellant chose to represent himself at trial, he cannot now advance a claim of ineffective assistance of counsel based on his court-appointed attorney's performance. *Faretta*, 422 U.S. at 834 n.46 (1975); *Perez*, 261 S.W.3d at 766. Thus, appellant waived any claims of ineffective assistance of counsel, including his current claim of ineffective assistance of counsel based on a conflict of interest.

b. **Even if appellant had not waived his right to effective assistance of counsel, appellant's court-appointed counsel did not have an actual conflict of interest with the State.**

Even if appellant had not waived his right to effective assistance of counsel by choosing to represent himself, appellant nevertheless failed to show that his court-appointed counsel had an actual conflict of interest with the State. *See Acosta*, 233 S.W.3d at 355. In attempts to show a conflict, appellant first looks at discrepancies with the file-stamped dates on the paperwork initially appointing his counsel as evidence that his counsel, the court, and the State had a prior agreement between them (1356098 CR at 12-13; 1356099 CR at 13-15). He then points this Court to the fact that his counsel signed a confidentiality agreement before viewing the State's file as evidence of a conflict of interest. (1356099 CR at 13; 1 Pretrial RR at 31-32). Appellant then argues that when his counsel agreed with the State that the video evidence from Merinos did not exist another conflict of interests arose (1356099 CR

28

at 13; 1 Pretrial RR at 31-32).  Appellant next claims that his counsel advanced the State's interest when she did not object to the State re-indicting appellant with charging instruments alleging his status as a habitual offense on a day in which he had been set for trial (1356098 CR at 60; 1356099 CR at 102).  Finally, appellant takes issue with his counsel continuing to represent him after he filed a motion to dismiss her and have a new attorney appointed (1356099 CR at 149-51).  Not one of these instances shows that appellant's appointed counsel had an interest for the State that conflicted with her representation of appellant.

The discrepancies regarding the paperwork appointing appellant's counsel reflect an error with the clerk's file stamp rather than an agreement between the State and appellant's appointed counsel as all are signed on the date appellant's counsel was appointed.  As for counsel's agreement to not disseminate the contents of the State's file per the confidentiality agreement, appellant overlooks that his counsel had a statutory duty not to provide appellant with copies of the file.  TEX. CODE CRIM. PROC. ANN. art. 39.14(f) (West Supp. 2014).  Also, while appellant alleges that his counsel was following the confidentiality agreement when she denied the existence of the video evidence, counsel merely agreed that the evidence did not exist after thorough investigation (1 Pretrial RR at 31-32).[8]  As for appellant's argument regarding his counsel's failure to object to the State re-indicting his cases, appellant's

---

[8] As was discussed before the trial court, the State believed that it had copied surveillance video from Merinos on a flash drive that it tagged into evidence; however, before trial, it was discovered that the video had not been properly copied and the flash drive was blank (1 Pretrial RR at 31-32).

counsel could not prevent the State from re-indicting appellant with his habitual status by objection. *See Wisenbaker v. State*, 782 S.W.2d 534, 536 (Tex. App.—Houston [14th Dist.] 1989. no pet.) (noting that article 28.10 does not apply to charges that are re-indicted). Finally, in making his claims regarding his appointed counsel's continued representation, appellant fails to acknowledge that as an indigent defendant, he had no right to the counsel of his choice and was required to accept the counsel provided by the court unless he effectively waived his right to counsel or show adequate cause for the appointment of a different attorney. *Watkins v. State*, 333 S.W.3d 771, 775 (Tex. App.—Waco 2010, pet. ref'd). As he did not show adequate cause for the court to dismiss his counsel in his motion which complained about his counsel's preparation and strategy for trial, counsel did not advance the State's interest in continuing to represent him (1356099 CR at 149-51). *King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000) ("[P]ersonality conflicts and disagreements concerning trial strategy are typically not valid grounds for withdrawal" and "A trial court has no duty to search for counsel agreeable to the defendant").

Because the allegations appellant points to fails to show an actual conflict of interest, even if appellant could raise an ineffective assistance of counsel claim based on conflict of interest, appellant fails to meet the necessary showing. Thus, this Court should overrule his fourth point of error.

## REPLY TO APPELLANT'S FIFTH POINT OF ERROR

**V.  The lost video evidence was not material, exculpatory, or lost in bad faith.**

In his next multifarious point of error, appellant alleges that the State withheld material and exculpatory evidence when it suppressed surveillance footage taken at Merinos Sports Bar on the night of the offense and failed to preserve the video in bad faith.[9]  Appellant's argument is based on video evidence that officers tried to obtain from Merinos shortly after the offense (1 Pretrial RR at 31-33).  However, while the officers thought they obtained the video evidence by copying it, they did not properly copy the video onto a flash drive, and by the time they realized the mistake, the video had recorded over itself (1 Pretrial RR at 31-33; 4 RR at 19-20).

Appellant argues that the State suppressed the evidence of the video which he claims was material and exculpatory and adds that the State failed to preserve the video in bad faith.  Despite appellant's claims, appellant has not shown that the lost video evidence was material or exculpatory or that it would have changed the outcome of trial had it been disclosed.  Additionally, appellant failed to show that the State failed to preserve the video evidence in bad faith.  For these reasons, this Court should overrule appellant's fifth point of error.

---

[9] Again, appellant advances a multifarious argument alleging violations to his federal Fifth, Sixth, and Fourteenth Amendments as well as to his due course of law rights under article I, sections nineteen and ten of the Texas Constitution.  Appellant's Br. 13-14.  As appellant fails to include any citations to support his arguments, his point of error is inadequately briefed as well as multifarious, and the State will only address appellant's argument regarding his preserved and adequately briefed *Brady* claims.  *Lucio*, 351 S.W.3d at 896-97; *Foster*, 101 S.W.3d at 499.

31

## Applicable Law

The Supreme Court in *Brady v. Maryland* held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Under *Brady*, the State has an affirmative duty to disclose all favorable exculpatory or impeachment evidence that is material to the defendant. *Brady*, 373 U.S. at 87; *Chandler v. State*, 278 S.W.3d 70, 74 (Tex. App.—Texarkana 2009, no pet.). A defendant's due process rights are violated if the State fails to disclose favorable and material evidence to the defendant. *Wyatt v. State*, 23 S.W.3d 18, 27 (Tex. Crim. App. 2000). Courts consider evidence material if there is a reasonable probability that, had the evidence been disclosed, the outcome of the trial would have been different. *Hampton v. State,* 86 S.W.3d 603, 612 (Tex. Crim. App. 2002). The mere possibility that the evidence might have helped the defendant or affected the outcome of trial does not establish materiality in a constitutional sense. *Wyatt*, 23 S.W.3d at 27; *Chandler*, 278 S.W.3d at 74. The defendant raising a *Brady* claim bears to burden to show that there is a reasonably probability that the outcome of trial would have been different in light of all of the evidence if the State had timely disclosed the exculpatory evidence. *Wyatt*, 23 S.W.3d at 27; *Chandler*, 278 S.W.3d at 74.

Additionally, the State has a duty to preserve evidence that possesses an exculpatory value that is apparent before the evidence is destroyed. *California v.*

32

*Trombetta*, 467 U.S. 479, 488 (1984); *Chandler*, 278 S.W.3d at 75. However, the failure by the State to preserve potentially useful evidence is not a denial of due process unless a defendant can show that the State acted in bad faith. *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988); *Neal v. State*, 256 S.W.3d 264, 280 (Tex. Crim. App. 2008); *Chandler*, 278 S.W.3d at 75. Unless the defendant can show bad faith on the part of the State, failure to preserve potentially useful evidence does not, in and of itself, result in denial of due process. *Davis v. State*, 831 S.W.2d 426, 442 (Tex. App.—Austin 1992, pet. ref'd); *see Youngblood,* 488 U.S. at 58.

### Analysis

Appellant has not met his burden of proof under *Brady* to show that the video evidence from Merinos was material or exculpatory. In his brief, appellant merely claims that the video was material "because police officers watched the video and then asked for disk copy, which they captioned 'Flash Drive Video of the Shooting of Complainant by Suspect," but offers no other reasons other than the officers made a copy of it for the video's materiality. Appellant's Br. 14. Appellant made no attempt to put on the record what he believed the video would show (such as whether the video depicted the inside of Merinos or the outside parking lot). *See Higginbotham v. State*, 416 S.W.3d 921, 927 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (holding that lost video was not material after officer testified regarding what was on it and testified to his memory of the offense). Similarly, appellant does not offer any explanation of how he thinks the video would be exculpatory other than

33

hypothesizing that "it would exculpate appellant by showing the act of self-defense and impeaching because it would impeach testimony of State's witnesses." Appellant's Br. 14. *See Mahaffey v. State*, 937 S.W.2d 51, 53 (Tex. App.—Houston [1st Dist.] 1996, no pet.) (holding that a showing or a suggestion that lost evidence might have been favorable does not fulfill a defendant's burden of proof). Appellant merely suggests that the video could have corroborated his theory that he shot Jose in self-defense but provides no further proof to support his supposition. Indeed, appellant has not shown that there is a reasonable probability that if the video evidence had existed, the outcome of his trial would have been different given that the jury heard eye-witness testimony from multiple witnesses who observed appellant's altercation with Jose and Larry and who saw appellant shot Jose and the appellant presented the jury with testimony regarding his theory of self-defense which the jury rejected. *See Wyatt*, 23 S.W.3d at 27; *Chandler*, 278 S.W.3d at 74. Because appellant has not met his burden under *Brady*, his *Brady* claim should be overruled.

Additionally, appellant failed to meet his burden of showing that the State acted in bad faith by failing to preserve the video. *Youngblood*, 488 U.S. at 58; *Neal*, 256 S.W.3d at 280. As the evidence showed, the officer who recovered video from Merinos believed that he had copied the evidence (4 RR at 19). However, when the video was retrieved, nothing had been copied onto the disk, and the video system at Merinos had recorded over video from the night of the offense (1 Pretrial at 33; 4 RR at 19-20). The State inadvertently failed to properly record the evidence and thus lost

34

it by accident rather than through bad faith (1 Pretrial at 31-33; 4 RR at 19-20).  *See Mahaffey*, 937 S.W.2d at 53 (holding that Mahaffey failed to show bad faith when there was no evidence on the record that someone deleted video evidence).  Appellant has not met his burden of showing that the State failed to preserve the video evidence in bad faith and thus his due process rights have not been denied.  *Chandler*, 278 S.W.3d at 75; *Davis*, 831 S.W.2d at 442; *see Youngblood,* 488 U.S. at 58.  As such, his claim that the State failed its duty to preserve the video in bad faith should be overruled.

## REPLY TO APPELLANT'S SIXTH POINT OF ERROR

**VI.** **Appellant failed to preserve his complaint that the copy of State's Exhibit 17 that was filed in the clerk's record before trial and the copy of State's Exhibit 17 that was admitted at court were recorded on different brands of CDs by failing to object at trial.**

Appellant also alleges that error occurred when the State admitted State's Exhibit 17, a CD which contained a recording of a witness's call to 911 the night of the offense.[10]  Appellant claims that by admitting State's Exhibit 17, the State and court reporter tampered with a government document.  Appellant's argument is based on the fact that the copy of the CD in the clerk's record is a different brand than the CD admitted at trial as State's Exhibit 17 (1356098 CR at 102; 1356099 CR at 160; 6

---

[10] Again, appellant advances a multifarious argument alleging violations to his federal Fifth and Fourteenth Amendments as well as to his due course of law rights under article I, sections nineteen and ten of the Texas Constitution.  Appellant's Br. 15.  As appellant fails to include any citations to support his arguments, his point of error is inadequately briefed as well as multifarious, and the State will only address appellant's argument on statutory grounds which are adequately briefed.  TEX. R. APP. P. 38.1(i); *Lucio*, 351 S.W.3d at 896-97; *Foster*, 101 S.W.3d at 499.

35

RR at 19).  In making this argument, appellant overlooks that he waived this argument at trial by failing to inform the trial court of it.

## Applicable Law

To preserve a complaint for appellate review, a party must timely present the trial court with an objection or motion that advances the specific grounds of the complaint.  TEX. R. APP. P. 33.1(a).  The specific objection made at trial must comport with the argument on appeal.  *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002); *Oles v. State*, 965 S.W.2d 641, 643 (Tex. App.—Houston [1st Dist.] 1998), *aff'd*, 993 S.W.2d 103 (Tex. Crim. App. 1999).  Additionally, a party fails to preserve error when the contention urged on appeal does not comport with the specific complaint made in the trial court. *See Lovill v. State*, 319 S.W.3d 687, 691-92 (Tex. Crim. App. 2009).

## Analysis

In making his argument in his sixth point of error, appellant overlooks that he failed to preserve error at trial.  When the State moved to admit State's Exhibit 17 as a business record, appellant lodge two objections: that the copy he had been given said "there [was] no audio since the past six months" and that he had never received a copy of it (2 RR at 139).  Appellant did not advance the argument that he now advances on appeal and thus failed to preserve error at trial.  *Wilson*, 71 S.W.3d at 349.  Since appellant's argument is not preserved, this Court should overrule appellant's sixth point of error.

36

## <u>REPLY TO APPELLANT'S SEVENTH POINT OF ERROR</u>

**VII.  Appellant failed to preserve and adequately brief his argument questioning the trial court's impartiality.**

In his seventh point of error, appellant alleges that he was denied a fair trial because he believed the trial court's impartiality was questionable.[11]  While appellant did not raise the claim to the trial court, on appeal he now levies the allegation that the trial court was impartial because it committed an illegal act when it noted that appellant had requested appointed counsel in the paperwork for appellant's re-indicted cases (1356098 CR at 96; 1356099 CR at 154).[12]  Not only is appellant's seventh point of error multifarious and unpreserved, appellant does not include any pertinent citations to authority in his brief.  TEX. R. APP. P. 33.1(a); TEX. R. APP. P. 38.1(i); *Lucio*, 351 S.W.3d at 896-97; *Foster*, 101 S.W.3d at 499.  As such, this Court

---

[11] Appellant advances a multifarious argument alleging violations to his federal Fifth, Sixth, and Fourteenth Amendments as well as to his due course of law rights under article I, sections nineteen and ten of the Texas Constitution.  Appellant's Br. 15.  While appellant includes citations to legal authority in his argument, the authority is irrelevant to argument on appeal.  Thus, his point of error is inadequately briefed as well as multifarious.  TEX. R. APP. P. 38.1(i); *Lucio*, 351 S.W.3d at 896-97; *Foster*, 101 S.W.3d at 499.  As such, this Court should overrule appellant's seventh point of error.

[12] Appellant contests that the trial court falsified this form when it noted that appellant had requested appointed counsel because appellant had previously filed a motion to dismiss his court appointed counsel (136099 CR at 149-51).  However, when making his argument, appellant overlooks that as an indigent defendant, he did not have the right to have the court appoint him the counsel of his choice and that in his motion to dismiss his counsel, appellant again asked the trial court to appoint new counsel for him (136099 CR at 150-51).  *Watkins*, 333 S.W.3d at 775.  The trial court's action in continuing to have appellant's appointed counsel represent him was not illegal or evidence of the trial court's partiality.  Thus, the trial court did not abuse its discretion or act with impartiality when it continued the appointment of appellant's counsel for the new indictments.

37

should hold that appellant has preserved nothing for review and overrule appellant's seventh point of error.

## REPLY TO APPELLANT'S EIGHTH POINT OF ERROR

**VIII.** **Appellant failed to adequately brief and failed to preserve his argument that the trial court erred when it did not issue written rulings on all motions that appellant filed.**

Next, appellant argues that the trial court erred when it granted his motion to issue written rulings on all of appellant's motions but failed to follow its own ruling (1356098 CR at 99-100; 1356099 CR at 157-58). Appellant points this Court to numerous motions in the record that the trial court did not rule on in writing contrary to its ruling granting appellant's motion. Appellant's Br. 15. However, appellant does not provide any authority for his premise that a trial court's failure to make written rulings constitutes error. Appellant's Br. 15.[13] Thus, appellant's eighth point of error is inadequately briefed, and this Court should hold that it provides nothing to review. TEX. R. APP. P. 38.1(i); *Lucio*, 351 S.W.3d at 896-97.

Further, the record does not show that appellant alerted the trial court to its failure to issue written rulings in compliance with its order. Appellant should have notified the trial court of its noncompliance with its prior ruling in order to preserve error. *See* TEX. R. APP. P. 33.1(a) (discussing error preservation); TEX. R. EVID. 103 (same). Indeed, Court should hold that motions for a trial court to make written

---

[13] Appellant cites to *Rosales v. State*, 841 S.W.2d 368 (Tex. Crim. App. 1992) in this section of his brief, but the State cannot find a correlation between the *Rosales* opinion and appellant's argument.

rulings on all of a party's filed motions should be treated similarly to motions in limine which preserves nothing for review unless the party advances his requests during trial. *See Geuder v. State*, 115 S.W.3d 11, 14-15 (Tex. Crim. App. 2003) ("A trial judge's grant or denial of a motion *in limine* is a preliminary ruling only and normally preserves nothing for appellate review."); *see also Moore*, 999 S.W.2d at 398 (holding that reviewing courts treat motions for the court reporter to record all bench conferences similar to the way they treat motions in limine). Because appellant failed to notify the trial court of its omission of written rulings for all the motions appellant identifies in his brief, appellant waived error.

As a result, even if this Court ignores the inadequacies of appellant's eighth point of error and addresses it on its merit, it should nevertheless overrule his argument as unpreserved.

## REPLY TO APPELLANT'S NINTH POINT OF ERROR

IX. **The trial court did not abuse its discretion when it denied appellant's motion to dismiss cause number 1356098.**

Appellant also argues that the trial court erred by overruling his motion to dismiss cause number 1356098 (1356098 CR at 147-52). Appellant asserts that the trial court abused its discretion in denying his motion on the basis that no complaint was filed in his case alleging that the specific complainant, date, and manner and means as were alleged in his indictment. Appellant's Br. 16. Appellant bases his argument on his misunderstanding of the law when he asserts that the grand jury's

39

indictment in cause number 1356098 is invalid because no complaint was filed in the case naming M. Davila as a complainant. As a complaint is not required for a grand jury to issue an indictment, the trial court did not err in overruling appellant's motion.

### Standard of Review

Appellate courts review a trial court's ruling on a motion to dismiss an indictment on a de novo standard when reviewing pure questions of law. *State v. Krizan-Wilson*, 354 S.W.3d 808, 815 (Tex. Crim. App. 2011).

### Applicable Law

A valid complaint is a prerequisite to a valid information. TEX. CODE CRIM. PROC. ANN. art. 21.22 (West 2006); *Zorrilla*, 404 S.W.3d at 735; *Ho*, 856 S.W.2d at 497. However, a compliant is not required for a grand jury to indict a defendant on felony charges as it is required in order for the State to proceed on a misdemeanor information. TEX. CODE CRIM. PROC. ANN. Ch. 21; *Ferguson*, 335 S.W.3d at 681-82.

### Analysis

The trial court did not abuse its discretion when it denied appellant's motion to dismiss cause number 1356098 because the grand jury did not need a complaint alleging the specific complainant, date, and manner and means of the offense to issue the indictment in cause number 1356098. TEX. CODE CRIM. PROC. ANN. Ch. 21; *Ferguson*, 335 S.W.3d at 681-82. As a felony indictment has no requirement that a valid complaint be filed as is required in misdemeanor cases, the trial court did not abuse its discretion in denying appellant's motion to dismiss on the grounds presented

in his motion (1356098 CR at 147-52).  TEX. CODE CRIM. PROC. ANN. art. 21.22 (West 2006); *Zorrilla*, 404 S.W.3d at 735; *Ferguson*, 335 S.W.3d at 681-82.  For this reason, this Court should overrule appellant's ninth point of error.

## REPLY TO APPELLANT'S TENTH POINT OF ERROR

**X.    The trial court did not abuse its discretion in denying appellant's motions to quash the enhancement paragraphs in his indictments without first holding a hearing.**

In his tenth point of error, appellant argues that the trial court abused its discretion when it denied appellant's motions to quash the enhancement paragraphs without allowing appellant the opportunity to present the court with evidence or arguments attacking the validity of his prior convictions (1356098 CR at 134-35, 169-70; 1356099 CR at 192-93, 227-28).  However, in making this argument, appellant overlooks that in his motions to quash, he never requested that the trial court hold a hearing and never provided proof of his claims (1356098 CR at 134-35, 169-70; 1356099 CR at 192-93, 227-28).  Because appellant did not requested a hearing or meet his burden of proof, the trial court did not abuse its discretion.

### *Standard of Review*

A trial court's ruling on a motion to quash is reviewed for abuse of discretion. *Jordan v. State*, 56 S.W.3d 326, 329 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd).

### *Applicable Law*

Article 28.01, which allows a trial court to set any criminal cause for a pretrial hearing, is not a mandatory statute, but one directed to the trial court's discretion.

41

TEX. CODE CRIM. PROC. ANN. art. 28.01 (West 2006); *Calloway v. State*, 743 S.W.2d 645, 649 (Tex. Crim. App. 1988); *see Hicks v. State*, 508 S.W.2d 400, 403 (Tex. Crim. App. 1974) (holding that trial court did not abuse its discretion when it failed to set Hicks' motion to quash for a pretrial hearing).

A defendant may collaterally attack an alleged prior conviction used for enhancement if the prior conviction is void or if it is tainted by a constitutional defect. *Galloway v. State*, 578 S.W.2d 142, 143 (Tex. Crim. App. 1979). When a defendant collaterally attacks a prior judgment, he bears the burden of proof in his motion to quash to show that the prior convictions are void. *Tate v. State*, 120 S.W.3d 886, 890 (Tex. App.—Fort Worth 1999, no pet.); *Bell v. State*, 814 S.W.2d 229, 231 (Tex. App.—Houston [1st Dist.] 1991, pet. ref'd).

A motion to quash is not self-proving, so a defendant must offer proof in support of his motion. *Worton v. State*, 492 S.W.2d 519, 520 (Tex. Crim. App. 1973); *Bell*, 814 S.W.2d at 231. A trial court properly denies a motion to quash when the defendant offers no proof with respect to the allegations. *Bell,* 814 S.W.2d at 231; *see Worton*, 492 S.W.2d at 520 (stating that a defendant must prove defects in prior convictions alleged for enhancement purposes).

### Analysis

The trial court did not abuse its discretion when it denied appellant's motions to quash the enhancement paragraphs in his cases without a hearing because appellant did not request a hearing. Further, the trial court had discretion to not hold a hearing

42

when appellant offered no proof with respect to the allegations contained in his motions. Mentioned above, article 28.01 bestows trial courts with the discretion to choose whether to hold pretrial hearings. TEX. CODE CRIM. PROC. ANN. art. 28.01 (West 2006); *Calloway*, 743 S.W.2d at 649. A court does not abuse its discretion when it does not hold a hearing on a defendant's motion to quash and appellant did not request the court to hold a hearing on his motion (1356098 CR at 134-35, 169-70; 1356099 CR at 192-93, 227-28). *Hicks*, 508 S.W.2d at 430. Further, courts did not abuse its discretion because appellant offered no proof with respect to the allegations contained within his motion that could meet his burden of proof to collaterally attack his prior convictions. *Worton*, 492 S.W.2d at 520; *Bell*, 814 S.W.2d at 231.

Because appellant did not meet his burden of proof and the trial court had discretion not to hold a hearing on appellant's motion, the trial court did not err when it denied appellant's motions to quash the enhancement paragraphs without a hearing. As such, this Court should overrule appellant's tenth point of error.

### REPLY TO APPELLANT'S ELEVENTH POINT OF ERROR

**XI.** **The trial court did not abuse its discretion when it denied appellant's request for extra access to the law library.**

In his eleventh point of error, appellant complains that the trial court abused its discretion when it denied appellant's request for extra access to the law library which appellant presented to the trial court in a motion for continuance (2 Pretrial RR. at 10; CR at 124-25; 1356099 CR at 182-83). Appellant especially takes issue with the trial

43

court's ruling because the trial court informed him that access to the law library was a danger and disadvantage of representing himself at trial (2 Pretrial RR. at 10). However, the trial court did not abuse its discretion in denying appellant's request as appellant had no right to extra access to legal resources to prepare for his defense at trial. Thus, this Court should uphold appellant's eleventh point of error.

### *Standard of Review*

Appellate courts review a trial court's ruling on a motion for continuance for an abuse of discretion. *Wright v. State*, 28 S.W.3d 526, 532 (Tex. Crim. App. 2000).

### *Applicable Law*

While the United States Supreme Court has recognized that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law, *Bounds v. Smith*, 430 U.S. 817, 828 (1977), *overruled on other grounds by Lewis v. Casey*, 518 U.S. 343 (1996), the Court held in *Lewis v. Casey* that *Bounds* "did not create an abstract, freestanding right to a law library" and "does not guarantee inmates the wherewithal to transform themselves into litigating engines." *Lewis v. Casey*, 518 U.S. 343, 351, 355 (1996); *see Johnson v State*, 257 S.W.3d 778, 780 (Tex. App.—Texarkana 2008, pet. ref'd). Indeed, many federal courts, including the Fifth Circuit, have held that a prisoner who knowingly and voluntarily waives his right to appointed counsel is not entitled to access to legal resources in preparing his defense. *Johnson*, 257 S.W.3d at

44

780; *see Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir. 1996) (holding that a pro se defendant has no constitutional right to access a law library in preparation of his defense for trial). If an incarcerated defendant claims to have suffered from lack of library access, the Supreme Court requires that he show that he suffered an actual injury from the deprivation. *Lewis*, 518 U.S. at 351.

## *Analysis*

The trial court did not abuse its discretion when it denied appellant's request for access to the law library in his motion for continuance because appellant had no right to access legal resources to prepare for his defense. *Johnson*, 257 S.W.3d at 780. Indeed, as the Fifth Circuit has held, by waiving his right to counsel, appellant was not entitled to extra access to legal resources, including the law library, to prepare his defense at trial (2 Pretrial RR. at 10). *Degrate*, 84 F.3d at 769. Thus, the trial court did not abuse its discretion when it informed appellant that lack of access to the law library was a danger of representing himself.

As the trial court did not abuse its discretion when it denied appellant's request for extra access to the law library in his motion for continuance, this Court should overrule appellant's point of error.

45

## REPLY TO APPELLANT'S TWELFTH POINT OF ERROR

**XII. The trial court did not err when it denied appellant's motions to set aside the indictments.**

Appellant next complains that the trial court abused its discretion when it denied his motions to set aside the indictments in his cases because the trial court noted that appellant's arguments regarding the complaints filed in his case were not relevant or germane to the validity of his indictments (1 Pretrial RR. at 24-25). However, the trial court did not abuse its discretion in denying appellant's motions to set aside the indictments because the legal argument appellant presented attacking the validity of the complaints filed in his cases was insufficient to set aside the charging instruments (1356098 CR at 51-55; 1356099 CR at 93-97; 1 Pretrial RR. at 24-25). Thus, this Court should overrule appellant's twelfth point of error.

### Standard of Review

Appellate courts review a trial court's ruling on a motion to set aside an indictment on a question of law de novo. *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004).

### Applicable Law

A valid complaint is a prerequisite to a valid information. TEX. CODE CRIM. PROC. ANN. art. 21.22 (West 2006); *Zorrilla*, 404 S.W.3d at 735; *Ho*, 856 S.W.2d at 497. However, a compliant is not required for a grand jury to indict a defendant on felony

46

charges as it is required in order for the State to proceed on a misdemeanor information. TEX. CODE CRIM. PROC. ANN. Ch. 21; *Ferguson*, 335 S.W.3d at 681-82.

***Analysis***

The trial court did not abuse its discretion when it denied appellant's motions to set aside the indictments because appellant's arguments regarding the sufficiency of the complaints filed in his case were inapplicable to the validity of the indictments in his case (1356098 CR at 51-55; 1356099 CR at 93-97; 1 Pretrial RR. at 24-25). The complaints filed in appellant's cases had no effect on the validity of his indictments because there is no statutory requirement for the State to file a complaint before a grand jury issues an indictment unlike the requirement that a valid complaint be filed before a valid information can be issued. *See Ferguson*, 335 S.W.3d at 681-82. In his brief and in his motions at trial, appellant did not produce any citation to legal authority to show that a valid complaint must be filed before a grand jury can issue a valid indictment. *See Ferguson*, 335 S.W.3d at 681-82. Thus, the trial court did not abuse its discretion, and this Court should overrule appellant's point of error.

**REPLY TO APPELLANT'S THIRTEENTH POINT OF ERROR**

**XIII.** **The State did not knowingly offer perjured testimony at trial.**

In his next multifarious point of error, appellant alleges that the State knowing proffered perjured testimony at trial.[14] Appellant points to discrepancies between

---

[14] Again, appellant advances a multifarious argument alleging violations to his federal rights under the Fifth, Sixth, and Fourteenth Amendments as well as to his due course of law rights under article

47

Jose's testimony and the medical records offered into evidence as proof that the State introduced false evidence at trial and failed to correct the perjured testimony. However, appellant has failed to demonstrate that Jose offered perjured rather than mistaken testimony.

### *Applicable Law*

The Fourteenth Amendment prohibits the knowing use of perjured testimony by the prosecution. *Mooney v. Holohan*, 294 U.S. 103, 112 (1935); *Vasquez v. State*, 67 S.W.3d 229, 239 (Tex. Crim. App. 2002); *Ex parte Castellano*, 863 S.W.2d 476, 479 (Tex. Crim. App. 1993). Even when the prosecutor does not instigate the perjury, he is obligated to correct any perjured testimony given by one of his witnesses. *Vasquez*, 67 S.W.3d at 239; *but see Luck v. State*, 588 S.W.2d 371, 373 (Tex. Crim. App. 1979). However, a defendant on appeal bears the burden of showing that the testimony used by the State was in fact perjured. *Luck*, 588 S.W.2d at 373.

If the defendant is able to show that the State used of perjured testimony, reviewing courts will consider that testimony material unless the court is convinced beyond a reasonable doubt that this testimony did not contribute to the conviction or punishment in question. *See United States v. Bagley*, 473 U.S. 667, 679-80 (1985); *Castellano*, 863 S.W.2d at 485.

---

I, sections nineteen and ten of the Texas Constitution. Appellant's Br. 16. As appellant fails to include any citations to support his arguments, his point of error is inadequately briefed as well as multifarious, and the State will only address appellant's argument regarding his due process claims. TEX. R. APP. P. 38.1(i); *Lucio*, 351 S.W.3d at 896-97; *Foster*, 101 S.W.3d at 499.

*Analysis*

**a. Jose did not provide perjured testimony at trial.**

In his brief, appellant alleges that the State offered the perjured testimony of Jose and knew that the testimony was false when he testified to details of the night of the offense that differed from the medical records introduced at trial.

Appellant first alleges that Jose's testimony about losing consciousness and not being able to breathe is false because it differs from the Houston Fire Department report that noted that Jose never lost consciousness or had trouble breathing (4 RR at 39-40; Def. Ex. 6). Appellant's Br. 17. Appellant next quibbles with Jose's testimony that he believed that he was taken to M.D. Anderson Hospital when the medical records reveal that he was instead taken to Memorial Hermann Hospital (4 RR at 40; State's Ex. 33). Appellant also asserts that Jose further perjured himself when he testified to his belief that he was in the hospital for weeks and spent about a week in intensive care when the medical records show that he was in the hospital for about a week and was in intensive care for three days (4 RR at 41; State's Ex. 33). Appellant also points to Jose's testimony on cross-examination that he remembered being "Life flighted" to the hospital when records establish that he was taken by ambulance (4 RR at 46-47; State's Ex. 33), and that he saw his son in the hospital two days after he was

shot when the medical records included a notation that Jose's son visited him the day

of the shooting as evidence that Jose committed perjury (4 RR at 48; State's Ex. 33).[15]

Despite appellant's claims, none of these allegations amount to perjury; instead,

they indicate that Jose was mistaken as to the minute details of his medical condition

and care as a result of the shooting. *See Vasquez*, 67 S.W.3d at 239 (holding that

Vasquez failed to demonstrate that a witness lied instead of being mistaken); *Losada v.*

*State*, 721 S.W.2d 305, 312 (Tex. Crim. App. 1986) (holding that confusion of dates

"does not in and of itself show perjury" and that "[d]iscrepancies in testimony alone

do not make out a case of perjury"). Thus, appellant has not met his burden of

showing that Jose provided perjured testimony instead of simply being mistaken when

he told the jury that he passed out, could not breath, and was taken to M.D.

Anderson. As such, this Court should deny appellant's thirteenth point of error.

### b. Jose's testimony regarding his medical condition and care as a result of the shooting did not contribute to appellant's conviction beyond a reasonable doubt.

Assuming for the sake of argument that Jose's testimony was perjury, it did not

contribute to appellant's conviction beyond a reasonable doubt. *See Bagley*, 473 U.S. at

679–80; *Castellano*, 863 S.W.2d at 485. A wealth of evidence from other bystanders

proved that appellant intentionally shot Jose and caused him serious bodily injury

---

[15] The Court of Criminal Appeals noted in Luck, that when the testimony to which appellant complains was developed solely during his cross-examination of the witness, no due process violation occurs. *Luck*, 588 S.W.2d at 373.

without Jose's testimony regarding his consciousness, ability to breathe, where he was taken for medical treatment, and how long he stayed in the hospital (2 RR at 116, 137; 4 RR at 33, 35, 38, 40). As the miscellaneous details to which Jose mistakenly testified did not contribute to appellant's conviction, Jose's mistaken testimony was harmless. Thus, this Court should overrule appellant's point of error.

## CONCLUSION

The State of Texas respectfully urges the Court to overrule appellant's points of error and affirm his conviction.

**DEVON ANDERSON**
District Attorney
Harris County, Texas

/s/ *Carly Dessauer*

**CARLY DESSAUER**
Assistant District Attorney
Harris County, Texas
 1201 Franklin, Suite 600
Houston, Texas  77002
(713) 755-5826
State Bar No. 24069083
dessauer_carly@dao.hctx.net
curry_alan@dao.hctx.net

51

## CERTIFICATE OF COMPLIANCE

The undersigned attorney certifies that this computer-generated document has a word count of 13,350 words, based upon the representation provided by the word processing program that was used to create the document.  TEX. R. APP. P. 9.4(i).

/s/ *Carly Dessauer*

**CARLY DESSAUER**
Assistant District Attorney
Harris County, Texas
 1201 Franklin, Suite 600
Houston, Texas  77002
(713) 755-5826
State Bar No. 24069083

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing instrument will be served to

appellant by mail on February 19, 2015:

Samuel Espinoza Rodriguez
TDCJ # 1858964
Polunsky Unit-AD. Seg.-Death Row
3872 F.M. 350 South (12-0-75)
Livingston, Texas 77351-8580

/s/ *Carly Dessauer*

**CARLY DESSAUER**
Assistant District Attorney
Harris County, Texas
 1201 Franklin, Suite 600
Houston, Texas  77002
(713) 755-5826
State Bar No. 24069083


Date:  February 19, 2015